## HARPER WRIGHT v. BATCHELOR MOTOR COMPANY et al.

Middle Section. February 6, 1926.

Certiorari denied by Supreme Court, April 10, 1926.

1. **Appeal and error. Findings of fact of master and chancellor is binding on appellate court.**
The finding of fact by the master and the concurrence therein by the chancellor has the same effect as the verdict of a jury, and the appellate court will not disturb the same if there is any evidence to support it.

2. **Bills and notes. The assignment of a conditional sales note carries with it all security for the note.**
The general rule is that an assignment of a conditional sales note or contract by the original vendor carries with it the right to the security, and all the remedies conferred by law on the original vendor.

3. **Sales. Retention of title in a conditional sale is a mere security for payment of the purchase price.**
In Tennessee the retention of title by the vendor in a conditional sale is a mere security for the payment of the purchase price, partaking of the nature of a lien.

4. Mortgages. Mortgage lien passes to endorsee of note without special assignment.

The lien of a mortgage or trust deed passes without special assignment thereof to the endorsee of a note or transferee of a debt secured by the instrument, the mortgage passing as an incident to the debt.

5. Sales. Conditional Sales. Retained title under conditional sale is assignable.

In an action wherein it was contended that under the conditional sales law only the original seller could maintain an action to recover the property, held that the retained title is assignable and upon the sale of the note all incidents to the retained title pass with the note, the same as if it were a mortgage or trust deed.

6. Judgment. Res adjudicata. Judgment in replevin suit to recover car, held res adjudicata of plaintiff's right to sue for purchase price.

In an action to recover on notes given for the purchase price of a truck where the plaintiff in a replevin suit had recovered possession of the truck, held that the judgment in the replevin suit was binding on the defendant and he was estopped to now deny the plaintiff had a right to sue on the note and contract given for the purchase of the truck.

Appeal from Part 2, Chancery Court of Davidson County, Hon. J. B. Newman, Chancellor.

Affirmed.

M. L. Baxter, of Nashville, for appellant.

Bell & Hibbett and Thos. W. Schlater, of Nashville, for appellees.

FAW, P. J. Harper Wright filed the original bill in this case against two Tennessee corporations—the Batchelor Motor Company and the Carter Acceptance Company—to recover certain sums which he had paid to the Batchelor Motor Company, and certain other sums he had paid to the Carter Acceptance Company, as a part of the purchase price of a Chevrolet automobile truck bought by him from the Batchelor Motor Company on July 16, 1924, and the title to which was retained by the Batchelor Motor Company to secure an unpaid balance of purchase money.

The defendants answered, and the defendant Carter Acceptance Company filed its answer as a cross-bill and, as assignee of the Batchelor Motor Company, sought a judgment against Harper Wright for $414.35, plus interest, as the balance unpaid and due on the note for $685.85 executed by Harper Wright for a part of the purchase price of said truck.

On final hearing in the chancery court of Davidson county, Part 2, the original bill was dismissed and the Carter Acceptance Company was granted a recovery against Harper Wright for $414.35 principal, $14.49 interest, and $40 attorney's fees, making a total recovery of $468.84, and for all the costs of the cause. Harper Wright prayed an appeal to this court, which was granted and perfected.

Complainant Harper Wright alleged in his bill that on or about July 16, 1924, he purchased a Chevrolet truck (which is described in the bill) from the defendant Batchelor Motor Company for the

sum of $818, and forthwith paid to said defendant the sum of $25, and also delivered to said defendant a Ford automobile at an agreed valuation of $180, which Ford automobile was accepted by defendant Motor Company for the balance of the cash payment on said truck, and for the remainder of the purchase price complainant executed a contract and certain deferred payment notes to the Batchelor Motor Company, by the terms of which the title to said truck remained in the Motor Company until such time as the balance due thereunder was paid.

Complainant further alleged that he was unable to meet the payments on said truck as they fell due and that he became two months in arrears; that, at some time prior to his default in payments, said contract and notes came into the possession of defendant Carter Acceptance Company; that on the eighteenth day of December, 1924, the Carter Acceptance Company, assuming to act under said contract, instituted an action of replevin and took possession of said Chevrolet truck, and posted certain notices setting out that on January 7, 1924, at twelve o'clock M., the Carter Acceptance Company would undertake to sell said Chevrolet truck, at public auction, to the highest bidder for cash, and designating the place of sale to be the Batchelor Motor Company, Broadway, Nashville, Tennessee.

Complainant further alleged that at the time defendant Carter Acceptance Company undertook to sell said Chevrolet truck, he had paid thereon, under the terms of said conditional sales contract, the total sum of $376.50, leaving a balance remaining unpaid of $514.35 or thereabouts, evidenced by said contract and note or notes as above set out; that, at the time of said sale, as advertised, complainant went to the Batchelor Motor Company, Broadway, Nashville, Tennessee, to attend said sale, but no sale was in progress there, nor at or near the place where complainant, pursuant to said posted notice, attended, and diligent search and inquiry failed to disclose the defendants, or any person representing them, or any evidence of a sale, although complainant was afterwards told that said truck was struck off to the defendant Carter Acceptance Company, "yet he verily believes and charges that said defendants failed to sell said truck at the time and place and in the manner advertised."

The remainder of complainant's bill (except the prayer) is in these words:

"Complainant is advised and believes that said Chevrolet truck was never sold according to the terms of said contract, or at the time and place set out in said posted notice, or in the manner provided by law, and complainant is advised that under the law governing conditional sales the right of making publication and sale is vested exclusively in the original seller, and that any sale of

complainant's said truck undertaken by said Carter Acceptance Company is absolutely void, and that your complainant has a right to come into court and have said contract cancelled and rescinded and to recover back from said defendants or either of them all moneys heretofore paid by him thereunder.

"Complainant charges, that the seller, the defendant Batchelor Motor Company, failed to advertise and sell said truck as required by law.

"That no sale was ever had of said Chevrolet truck at the time and place advertised, or

"That if said truck was in fact sold, it was sold privately, and secretly and illegally and in a manner and place calculated to render it inaccessible or inconvenient to the public and detrimental to complainant's interests.

"That the defendants have defrauded complainant, and by the use of sharp practices and business methods prevented a fair or legal sale, and deliberately sacrificed said property, by reason of which your complainant has suffered great loss."

The Batchelor Motor Company stated in its answer that on the sixteenth day of July, 1924, it conditionally sold to the complainant Harper Wright one Chevrolet automobile chassis, together with certain extra equipments etc., for the gross sum of $891.35, under a written conditional sales contract by the terms of which the said Harper Wright paid $205.50 cash, or its equivalent, and for the balance of $685.85 executed his promissory note payable in monthly installments covering a period of twelve months; that the title to the aforesaid truck was retained by the Batchelor Motor Company, or its successor or assigns referred to in the aforesaid contract as the seller, until all of the conditions of said contract should be fully performed and the aforesaid note fully paid; that on July 16, 1924, it (Batchelor Motor Company) sold the aforesaid contract and note to the Carter Acceptance Company and endorsed said note without recourse; that after said contract and notes were transferred to the Carter Acceptance Company, the Batchelor Motor Company exercised itself no further in the premises, but that, on or about December 18, 1924, the aforesaid automobile was placed in storage in the garage of said Batchelor Motor Company on Broad Street, Nashville, Tennessee by the Carter Acceptance Company.

Defendant Batchelor Motor Company stated further in its answer that if the aforesaid automobile was not sold according to the terms of said contract and at the time and place set out in the advertisement or in the manner provided by law, or if such sale was void, or if said automobile was sold privately, secretly and illegally and in a manner and place calculated to render it inaccessible and inconvenient to the public and detrimental to the complainant's interest, or if the complainant had been defrauded by the use of sharp

practice, etc., it was not the fault of the Batchelor Motor Company, and that the Batchelor Motor Company was guilty of no acts whereby it was indebted to the complainant in any amount whatever. There was a general denial of all allegations in complainant's bill not expressly admitted or denied.

The Carter Acceptance Company answered that it is a corporation and that its business is financing automobile deals; that, on or about July 16, 1924, it purchased from the Batchelor Motor Company, of Nashville, Tennessee, a conditional sales contract made by the said Batchelor Motor Company and Harper Wright, together with a promissory note executed by Harper Wright on July 16, 1924, for $685.85, payable to the order of the Batchelor Motor Company in monthly installments covering a period of twelve months and payable at the office of the Carter Acceptance Company; that said note recites that it covers deferred installments in a sale made on that date between the payee and maker thereof and that it is secured by a conditional sales agreement of even date on a Motor Vehicle, Chevrolet chassis Motor # MS13501; that the aforesaid contract or conditional sales agreement and promissory note were indorsed by the Batchelor Motor Company to the Carter Acceptance Company, without recourse; that Complainant Harper Wright paid the first installment of $57.20 on said note to the Carter Acceptance Company on August 18, 1924, two days after it was due; that the next installment of $57.15, due on September 16, 1924, was not paid by complainant until October 25, 1924, and the third installment of $57.15, due on October 16, 1924, was paid by complainant on November 12, 1924; that after the last named date complainant failed and refused to make any further payment on his note, whereupon, on December 18, 1924, after repeated efforts to induce complainant to pay the past due installments on said note the Carter Acceptance Company placed the note in the hands of its attorneys for collection, and on December 18, 1924, the aforesaid truck was replevined from complainant, and the replevin suit set for trial; that, at the request of complainant, the replevin suit was put off until December twenty-third, at which time it came up for trial, complainant's attorneys being present at the trial; that the court gave judgment for possession of said truck in favor of the Carter Acceptance Company against complainant Harper Wright; that, on December 27, 1924, the truck was advertised for sale to the highest bidder for cash at twelve o'clock on January 7, 1925, at the Batchelor Motor Company, by three hand bills placed at the south door of the court house, at the office of G. H. Wilkinson, Justice of the peace, and at the Batchelor Motor Company,—all of said places being in Davidson County, Tennessee.

The Carter Acceptance Company states further in its answer, that on January 7, 1925, at the time and place set out in the afore-

said advertisement, its attorney appeared and announced that he was about to sell the truck described in the aforesaid advertisement and requested that all who desired to bid on same come up to where said truck was, and that defendant's attorneys then proceeded to offer said truck for sale, in accordance with the terms of said advertisement, and being unable to get any higher bid the truck was sold to the Carter Acceptance Company for $100.

In its answer defendant Carter Acceptance Company denied the averments of complainant's bill that the truck was not sold according to the terms of the contract, or at the time and place set out in said posted notices, or in the manner provided by law; and it is further denied that under the law governing conditional sales the right to make publication and sale is vested exclusively in the original seller.

The Carter Acceptance Company denied that there was any "sharp practice," illegality, unfairness, or irregularity with respect to the way and manner in which the truck in question was repossessed and sold by it.

The Carter Acceptance Company filed its answer as a cross-bill and, in addition to the facts already stated, it is alleged that the cross-defendant Harper Wright is indebted to the cross-complainant Carter Acceptance Company in the sum of $414.35,.together with interest and a reasonable fee for cross-complainant's attorney, as evidenced by cross-defendant's note for $685.85 less certain credits as stated in the answer, including a credit of $100 for the sale of the truck, and it is alleged that said sum is just, due and owing to cross-complainant from the cross-defendant Harper Wright, and that no part of said balance of said note amounting to $414.35, interest and attorney's fee has been paid.

The cross-defendant Harper Wright answered the aforesaid cross-bill of Carter Acceptance Company and admitted that the note referred to in the cross-bill of Carter Acceptance Company states upon its face, or otherwise shows, a balance remaining unpaid amounting to $414.35, and that said note calls for interest and a reasonable attorney's fee, but he denied that he is indebted in this or any other amount to the Carter Acceptance Company, and denied that said sum is just and due and owing to the Carter Acceptance Company from him.

Cross-defendant Harper Wright reiterated generally his averments that the contract and note and the sale of said automobile and all proceedings connected therewith are void by reason of failure on the part of Carter Acceptance Company and others to comply with the law and the terms of said contract; and he denied generally all averments of the cross-bill not specifically admitted or denied.

The questions which appellant seeks to raise by each and all of his assignments of error, save one, are, in our opinion, foreclosed

by a concurrent finding of the master and chancellor in the chancery court. (See Act of 1925, chapter 100, section 12). Pursuant to an appropriate reference the master reported that the Carter Acceptance Company advertised the truck involved, by printed posters posted ten days before date of the sale, at three public places in Davidson county, Tennessee, to-wit: at the south door of the court house, at Squire Wilkinson's office on Fourth Avenue, and at the Batchelor Motor Company on Broad Street—all of said places being public places in the city of Nashville, Davidson county, Tennessee.

The master also reported that there was a public sale of said automobile truck at the time and place referred to in the advertisement of sale, and that the truck sold at that time for the sum of $100, which was applied to the indebtedness thereon, leaving a balance of $414.35 due on the purchase price of said truck.

The complainant Harper Wright filed exceptions to the aforesaid report of the master, but they were overruled by the chancellor, and the report was duly confirmed. There is evidence in the record to support the findings of the master, and as the chancellor concurred in the master's findings, they are conclusive on this court.

It will be remembered that, in his original bill, complainant asserted that, under the law governing conditional sales, the right of making publication and sale is vested **exclusively** in the "original seller," and that, therefore, the attempted sale of the truck in question by the Carter Acceptance Company was absolutely void. The refusal of the chancellor to so hold is made the basis of one of appellant's assignments of error,—the only assignment not concluded by the concurrent findings of the master and chancellor.

The general rule is that an assignment of a conditional sale note or contract by the original vendor carries with it the right to the property, and all the remedies conferred by law on the original vendor. State Bank, etc., v. Johnson et al. (Wash.), 3 A. L. R., 235, and note page 242; 24 R. C. L., page 478, par. 772.

We are not aware of any Tennessee case directly ruling this point; but we think it is a logical sequence of certain well established principles. In this state, the retention of title by the vendor in a conditional sale is a mere security for the payment of the price, partaking of the nature of a lien. Automobile Co. v. Bicknell, 129 Tenn., 493, 496; Planter's Bank v. Vandyck, 4 Heisk., 617; Mfg. Co. v. Buchannan, 118 Tenn., 238, 251; Ice & Coal Co. v. Alley, 127 Tenn., 173, 178; Johnson v. Martin Furniture Co., 139 Tenn., 580, 583.

And it is held that the lien of a mortgage or trust deed passes, without special assignment thereof, to the indorsee of a note or transferee of a debt secured by the instrument; the mortgage pass-

ing as an incident to the debt. W. C. Early Co. v. Williams, 135 Tenn., 249.

The Act of 1889, chapter 81 (carried into Shannon's Code as sections 3663-3670), is entitled "An Act to provide a remedy for purchaser and seller in conditional sales of personal property." The above cited sections of Shannon's Code are as follows:

"3666. When any personal property is sold upon condition that the title remain in the seller until that part of the consideration remaining unpaid is paid, it shall be the duty of said seller, having regained possession of said property because of the consideration remaining unpaid at maturity, to, within ten days after regaining said possession, advertise said property for sale, for cash, to the highest bidder, by written or printed posters posted at as many as three public places in the county where the property is to be sold, one of said places to be in the district in which said property is to be sold and one at the courthouse door in the county in which the property is to be sold, and the other or third at any public place in the county, said notice to be posted at least ten days before the day of sale, and to contain a description of the property to be sold, and time and place of said sale. Unless the debt is satisfied before the day of sale, then it shall be the duty of said original seller, or his agent, at the time and place as stated in said notices, to offer for sale, and sell, said property, as provided above, and, with the proceeds of said sale, satisfy the amount of his claim arising from said conditional sale above mentioned, and the expenses of advertisement, if any, and the remainder of said proceeds, if any, he shall pay over to the original purchaser; but the said original seller and purchaser may at any time by agreement, waive the sale provided in this article.

"3667. The seller mentioned in section 3666 may become a bidder and purchaser at the sale provided in said section.

"3668. Should said property, at the sale provided by this article, fail to realize a sufficient sum to satisfy the claim of the seller, the balance still remaining due on said claim shall be and continue a valid and legal indebtedness as against said original purchaser.

"3669. Should the seller, having regained possession of said property, fail to advertise and sell the same as provided by this article (unless said sale is waived as provided), the original purchaser may recover from said seller that part of the consideration paid, in an action for the same before any justice of the peace or court having jurisdiction of the amount.

"3670. Should said property, sold under this article, realize an amount more than sufficient to satisfy the claim of the seller and expense of advertisement, and the balance be not paid to the original purchaser, as provided in section 3666, then the said original purchaser may recover said balance from said seller, by motion

before any justice of the peace or court having jurisdiction of the amount, after having given five days' written notice to said seller of the time and before what justice or court said motion is to be made, said notice to be served by a constable, sheriff, or his deputy.''

We find nothing in this Act which manifests a legislative purpose to destroy the assignability of the retained title as security for the purchase money debt, or to deprive the assignee of the remedy provided by the statute. Upon the assignment of the purchase money debt, ''whatever is necessary to make the assignment effectual will pass as an incident of the thing assigned'' (5 Corpus Juris, p. 850), and ''as the right to the chose and its incidents pass to the assignee thereof, so does the right to the remedies which the assignor had for the enforcement of the same.'' (5 Corpus Juris, pp. 951-952).

Such has been the practical construction placed upon the Act of 1889, chapter 81, by the people of the state in their business dealings during the thirty-six years, and more, of the existence of the statute. This is a matter of common knowledge. Such generally accepted construction of the Act, in which the legislature has acquiesced for so long a time, is strongly persuasive that such is the plain meaning and intent of its terms. Black on Interpretation of Laws (2 Ed.), sec. 92; 2 Sutherland on Statutory Construction (2 Ed.), p. 474; 25 R. C. L., pp. 1042-1043, par. 273.

And the disastrous consequences to the large numbers of people who have, during this long period and under the circumstances stated, acted upon such construction of the statute, is a proper matter for consideration. 25 R. C. L., p. 1027, par. 261.

We think that the note and conditional sales contract involved in this case were assignable, and that upon the assignment by the Batchelor Motor Company to the Carter Acceptance Company, the title retained by the Batchelor Motor Company passed to the Carter Acceptance Company, and the Carter Acceptance Company was substituted to all the benefits and burdens of the Batchelor Motor Company with respect to the contract.

In the instant case it is worthy of note that the conditional sales contract signed by appellant shows on its face that the parties contemplated that it would be assigned to the Carter Acceptance Company, and it further appears that the appellant thereafter made payments to the Carter Acceptance Company as assignee, without protest.

But if appellant is right in his contention that the provisions of the Act of 1889, chapter 81, are limited to the parties to the original contract, and are not available as between an assignee of the ''original seller'' and the original purchaser, such construction of the Act of 1889 would not afford a basis for a decree in favor of appellant in this case. Appellant is certainly not entitled to a recovery against the Batchelor Motor Company under the statute, because

the Batchelor Motor Company did not take the truck out of appellant's possession, or attempt to do so, and, so far as appears, the truck has never been in the possession of the Batchelor Motor Company since it was delivered to appellant on July 16, 1924. It is true that the Carter Acceptance Company stored the truck for a time in the Batchelor Motor Company's garage or ware-house, but this was, in legal contemplation, the possession of the Carter Acceptance Company.

If the appellant is correct in his theory that the Batchelor Motor Company's statutory right to retake possession of the truck did not pass to its assignee, Carter Acceptance Company, then appellant had a good defense to the replevin suit; but, instead of appealing from the judgment of the Justice of the Peace in the replevin suit, appellant submitted to said judgment and it constitutes an adjudication that the Carter Acceptance Company was legally entitled to the possession of said truck. It is a reasonable inference from this record that the sole ground on which the Carter Acceptance Company sought to replevin the truck was that it was entitled to possession thereof as assignee of the Batchelor Motor Company, and by virtue of the remedy provided by the conditional sales statute. This being the issue in the suit before the Justice of the Peace, the question would seem to be res adjudicata, so far as the appellant and the Carter Acceptance Company are concerned.

The appellant's assignments of error are overruled, and the decree of the chancellor is affirmed. A decree will be entered accordingly, and the costs of the appeal will be adjudged against the appellant Harper Wright.

Crownover and DeWitt, JJ., concur.