WALLIS *v.* B A C CORPORATION.

*(Nashville,* December Term, 1939.)

Opinion filed March 2, 1940.

MARION S. KAUFMAN, of Memphis, for complainant.

WINCHESTER & BEARMAN and JOHN PORTER, all of Memphis, for defendant.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed to recover the amount paid under a conditional sale's contract for the purchase of an automobile. It was charged that the property was not advertised after repossession and sold as required by Code section 7291.

The automobile was purchased by complainant from the S & T Motor Company. Complainant gave in exchange a Ford car, for which he received a credit on the purchase price of one hundred and thirty-five dollars, and executed conditional sale's notes for a balance of three hundred and thirty-five dollars. The conditional sale's notes were assigned to the defendant. No other payment was made to S & T Motor Company before it

assigned the contract to defendant, and no additional payment was made to the assignee by complainant.

There is a concurrent finding by the chancellor and Court of Appeals, supported by evidence, that the assignee did not advertise the automobile after regaining possession, as required by statute, and it was adjudged liable for the amount paid the assignor, the motor company. It is insisted by the defendant that it is not liable for that part of the consideration paid to S & T Motor Company.

Before the statute, a contract of conditional sale was construed to be a means of securing payment of the purchase money, and the conditional seller was held to be entitled to his debt and the conditional purchaser was entitled to the surplus proceeds arising from a sale of the property for enforcement of the debt. Chapter 81, Acts of 1889, was designed to regulate proceedings by the conditional vendor after default by the vendee. It provided a cumulative summary remedy for enforcement of a lien without a court proceeding. The statute recognized that both the seller and the purchaser had an interest in the property and made provision for the protection and enforcement of their respective rights. The act has been uniformly construed however as especially designed to protect the conditional vendee by requiring the vendor, after repossession, to advertise and sell the property. If upon resale less than the balance of the purchase money is realized, the vendor may have a deficiency judgment. If it sells for more than the debt, the vendee is entitled to the excess. If the vendor fails to advertise and sell as required by the statute, he is chargeable with payments made by the vendee, not by way of penalty, but as for debt resulting from the ven-

dor's rescission of the contract and non-compliance with the statute.

A conditional sale's contract is assignable (*McDonald Automobile Co.* v. *Bicknell*, 129 Tenn., 493, 167 S. W., 108, Ann. Cas., 1916A, 265); and the assignee is clothed with all the rights and burdened with the obligations imposed by statute upon the conditional vendor. *Wright* v. *Batchelor Motor Co.*, 2 Tenn. App., 468. These obligations follow the assignment of the contract because the provision of the statute is read into the contract, and the assignor takes with notice of the statutory requirements. Section 4, Chapter 81, the Acts of 1889, provided: "Should the seller, having regained possession of said property, fail to advertise and sell the same as provided, by this Act . . . , the original purchaser may recover from said seller that part of the consideration paid." Construing the assignment in the light of this provision, the assignee was held liable for non-compliance by failing to advertise and resell, and was chargeable with the purchase money paid under the contract.

This provision of the act was modified by Code, section 7291, and the amendment was apparently designed to regulate the obligations of the original seller and of the assignee. This provision of the act now reads: "Should the seller or assignee, having regained possession of said property, fail to advertise and sell the same as provided by this article . . . , the original purchaser may recover from said seller or assignee that part of the consideration paid to him." The statute as modified must be read into the contract, and, as modified, it expresses the legislative intention to fix liability upon that person, whether the seller or the assignee, to whom

the conditional vendee made payments on the purchase price.

No payments were made to the defendant and it is not liable under the statute. The decree of the Court of Appeals and the chancellor will be reversed, and the bill dismissed.