Audra J. Barger

*v.*

Leonard Webb and American National Bank & Trust Company.

391 S.W.2d 664.

(*Knoxville,* September Term, 1964.)

(May Session, 1965.)

Opinion filed June 2, 1965.

276

H. KEITH HARBER, DANIEL C. B. LEVY, Chattanooga, for appellant.

JERRY J. PHILLIPS, Chattanooga, MILLER, MARTIN, HITCHING, TIPTON & LENIHAN, Chattanooga, of counsel, for appellee, Bank.

STONE & KIRKLAND, Chattanooga, for apppellee, Webb.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

Mrs. Barger brought this suit against Webb and the Bank alleging that she and her husband purchased an automobile trailer from Webb, who in turn assigned their note to the Bank. The Bank repossessed this property and failed to comply with the provisions of T.C.A. sec. 47-1302 (effective when the acts herein happened), in that it did not post notice as required by statute, thus she sought to recover under T.C.A. sec. 47-1306 (effective when the acts herein took place) the amount she and her husband had paid (he had assigned any rights that he had to her) from Webb and the Bank.

To this bill the Bank filed a plea in bar in which it alleged in substance that this suit is barred due to former adjudication, election of remedies and accord and satisfaction. The plea of Leonard Webb raised substantially the same defenses. This plea of the Bank has attached to it a copy of the original declaration in the lower

court repossessing this trailer along with a certified copy of an answer and a cross-bill to this action, and likewise a certified copy of the order adjudicating the law cause, in which it is shown that all amounts due under the note given for the trailer in the first instance were canceled and Mrs. Barger was paid the sum of $2,500.00 in settlement of all controversy between the parties. The Chancellor sustained these pleas and dismissed the action. The present case, consequently, has been seasonably appealed, well briefed, and able arguments heard. After thoroughly studying the matter and all authorities, and making an independent investigation, we now have the matter for disposition.

██ The plea in bar shows on its face that the cross action of Mrs. Barger to the replevin suit was one in conversion. A conversion, in the sense of the law of trover, is the appropriation of the thing to the party's own use and benefit, by the exercise of dominion over it, in defiance of plaintiff's right. *Roach & Co. v. Turk,* 56 Tenn. 708; *Broadway Furniture Co. v. Bates,* 170 Tenn. 36, 91 S.W.2d 300; *Breeden v. Elliott Bros.,* 173 Tenn. 382, 118 S.W.2d 219. In conversion the measure of damages is the value of property which is withheld by the defendant at the time of the conversion. *Roth Coal Co. v. Louisville & N. R. Co.,* 142 Tenn. 52, 215 S.W. 404.

█ In 1899 by Chapter 15 of the Public Acts of that year the Legislature passed the Conditional Sales Act, which was codified as T.C.A. secs. 47-1301—47-1313, at the time of the acts done herein. The present action is brought for violation of two provisions of this Act hereinbefore referred to. It has been said that the purpose of the Act was for the protection of the buyer and compels a public and fair sale and prevents the

seller from appropriating the property or disposing of it secretly. The idea was to give the buyer benefit of any excess in value. *Rice v. Lusky Furniture Co.,* 167 Tenn. 202, 68 S.W.2d 107. These Code Sections (T.C.A. sec. 47-1301 et seq.) provided a cumulative summary remedy for enforcement of a lien without a court proceeding. The statute recognizes that both the seller and the purchaser had an interest in the property and made provision for the protection and enforcement of their respective rights. This Court in *Wallis v. B A C Corp.,* 175 Tenn. 659, 137 S.W.2d 274, has very correctly (we think) and aptly described the result sought to be obtained in the present action as:

"If the vendor fails to advertise and sell as required by the statute, he is chargeable with payments made by the vendee, not by way of penalty, but as for debt resulting from the vendor's rescission of the contract and noncompliance with the statute."

This right has been nominated in some of the decisions as a penalty (*Murray v. Federal Motor Truck Sales Corp.,* 160 Tenn. 140, 22 S.W.2d 227, 23 S.W.2d 913; *Rice v. Lusky Furniture Co.,* supra). It so happens that both the Wallis case and these last mentioned cases were written by different members of the same Court, but apparently the use of the word "penalty" used in previous cases, supra, did not come to their attention in the Wallis case. We are inclined to think the better language to describe what this Act provides is as quoted in the Wallis case, supra, and so construe the meaning of the Act.

■ Under the provisions of this Conditional Sales Law the purchaser has two rights when the Conditional Sales Contract is violated as shown in *Murray v. Federal*

*Motor Truck Sales Corp.,* supra. Where there has been a repossession without the consent of the purchaser and not by process of law then he may sue for conversion, or may likewise sue as is done in the instant case for the statutory amount fixed, that is, the payments that have theretofore been made on the article which was purchased under the Conditional Sales Contract. It is for this reason that the appellant here very forcefully argues that the two causes of action are different, one for conversion and the other under the statute. In the absence of a statute there was a remedy in conversion when property was wrongfully taken and converted in compliance with our definition hereinbefore given of conversion. Where though a new remedy is provided or created by statute, as done by T.C.A. sec. 47-1306, for an existing right, this new statute neither denies the existing remedy nor is it "incompatible with its continued existence, the new remedy is regarded as cumulative, and the person seeking redress may adopt and pursue either remedy at his option." 18 Am.Jur., sec. 15, p. 139. The author of American Jurisprudence cites many cases as authority for this statement. We have examined a number of them and think that it is unquestionably sound, and therefore adopt it as the rule applicable under situations here being discussed in this State.

After making the statements we have herein this brings us to the conclusion that we have reached in this case, that is, that there was a clear election of remedies by Mrs. Barger when she filed her cross action which was brought to a conclusion by a final settlement and payment as shown by the plea in bar filed herein.

██ An election of remedies in a fact situation must contain; (a) factors making more than one remedial form

available; (b) the forms must in their theory, be inconsistent or repugnant; (c) the choice must be a wilful one, consciously made; and (d) the remedy chosen must be pursued so as to clearly indicate an irrevocable election. We think that such was done in the instant case. Clearly the action taken, that is the settlement of the conversion suit, was a detriment to the defendant and a benefit to the plaintiff, and a judgment was finally entered in this election which became irrevocable. In *Sibler v. Gale,* 38 Ohio App. 248, 175 N.E. 886, that court in rather clear language pointed out the doctrine of election of remedy when it said:

"It is essentially based upon the doctrine of estoppel, and before the same can be invoked it must be shown that the action of one of the parties has caused the other party to change his position to his own detriment."

And in *First Nat. Bank of Osakis v. Flynn,* 190 Minn. 102, 250 N.W. 806, 92 A.L.R. 1272, the Minnesota court said:

"The purpose of the doctrine of the election of remedies is not to prevent recourse to any remedy but to prevent double redress for a single wrong. * * *, it is a rule of convenience, if not of necessity, that a party once submitting to jurisdiction in an action cannot withdraw that submission. But it is different where a party merely commences an action or makes a levy. Dismissal of one or release of the other, in the absence of prejudice to the adverse party, puts the whole matter in statu quo. It is no final choice, and so no election of remedies."

This frankly brings us down to our fairly recent case of *Barnes v. Walker,* 191 Tenn. 364, 234 S.W.2d 648, which held that the commencement of an action for conversion by a conditional buyer against a conditional seller, followed by a voluntary nonsuit, does not amount to an irrevocable election which precludes a subsequent suit by the conditional buyer to recover the purchase money paid under the conditional sales contract to the seller who had resold the purchased articles without advertising as required by statute (this case expressly overrules our previous case of *Grizzard v. Fite,* 137 Tenn. 103, 191 S.W. 969, L.R.A.1917D, 652). The Walker case then puts the proposition squarely within the Ohio case just quoted from, because under the facts of the instant case the judgment was carried to a conclusion where the parties under the plea in bar herein accepted a final settlement releasing Mrs. Barger from all obligations under her note and paying her some $2,500.00. This was an obvious voluntary election of one of two remedies. Clearly, she knew, or was presumed to have known, what the law was, if there was a failure to advertise, etc., and that she would have had that remedy, the one she now seeks, but instead of waiting and pursuing it she elected to pursue a remedy of conversion, and since she has chosen this remedy and has been compensated therein she certainly is not entitled to pursue another remedy.

It is argued herein how the damages might be entirely different in one situation or another, that is, for instance when there had only been a few dollars which could be recovered and then the article taken away the value of it had a much larger spread. But she knew this, or should have known it, at the time she elected to pursue the conversion remedy, and therefore she cannot pursue a sec-

ond remedy and recover again for the wrong growing out of the same factual situation.

After having thoroughly and fully considered the matter we conclude that the judgment below must be affirmed with costs.