Michael T. PETTY and wife, Frances Hanks Petty, Plaintiffs-Appellants,

v.

Diane Elizabeth DARIN, W.L. Jones, Jr., and Della J. Darin and husband, William F. Darin, Defendants-Appellees.

Court of Appeals of Tennessee, Western Section, at Knoxville.

May 25, 1984.

Permission to Appeal Denied by Supreme Court Aug. 27, 1984.

Daniel J. Goodman, Knoxville, for plaintiffs-appellants.

Joe R. Haynes, Knoxville, for defendants-appellees.

HIGHERS, Judge.

The issue in this case is whether a party whose action for rescission in the Chancery Court was dismissed may now proceed to sue for damages in the Circuit Court.

In October 1980, the plaintiffs purchased a condominium from Diane Darin, Della Darin, and William F. Darin in Knox County. After the closing, plaintiffs discovered a defect in the floor of the condominium which would require costly repairs. The plaintiffs first sought to have repairs made by the condominium association out of funds which it held, but the association declined on the basis that the defect was not covered by association guidelines. The plaintiffs filed suit in the Circuit Court in Knox County for rescission, or in the alternative for damages of $8,500.00. Several defendants were named, but all have been dismissed except Diane Darin and her parents.

According to plaintiffs, the Circuit Court required that plaintiffs elect between rescission and damages. The defendants dispute this point and contend that plaintiffs made a voluntary election. The record shows only that plaintiffs filed a motion on February 11, 1982, seeking to transfer the case to Chancery Court stating: "The Plaintiffs have elected to pursue their Cause under the remedy of Recission [sic]." The motion was granted by order in the Circuit Court dated March 18, 1982. In the Chancery Court, plaintiffs pursued only the remedy of rescission. The matter was tried in the Chancery Court in January 1983, and at the conclusion the Chancellor dismissed the complaint of the plaintiffs as well as the counter-claims of the defendants. The plaintiffs then filed a suit for damages in the Circuit Court on May 6, 1983. Upon motion by the defendants, this action was dismissed by order of the Circuit Court dated July 28, 1983.

The plaintiffs appeal from the order of dismissal in the Circuit Court, arguing that the principles of *res judicata* and the doctrine of election of remedies are not applicable in this case. The defendants contend that if the action in the Circuit Court is not barred by *res judicata*, then the plaintiffs' pursuit of rescission in Chancery Court amounted to an election of remedies.

The assertion of the doctrine of *res judicata* is misplaced in this case. In 50 C.J.S. *Judgments*, § 649, it is stated that "[w]here plaintiff is defeated in an action based on a certain theory of his rights ... this will not as a rule preclude him from renewing the litigation, without any change in the facts, but basing his claim on a new and more correct theory." The doctrine applies only to issues actually litigated. *Scales v. Scales*, 564 S.W.2d 667 (Tenn. App.1977).

In the present case the issues are entirely different in the theory of rescission and the theory of breach of contract. The facts required to show one are not the same as required to establish the other. The theory of rescission denies the contract, while the theory of breach of contract affirms it. The plaintiffs are not, therefore, barred by *res judicata* in their suit for damages based upon the adverse judgment in their action for rescission.

The doctrine of election of remedies, however, is an entirely different matter.

In *Barger v. Webb*, 216 Tenn. 275, 391 S.W.2d 664 (1965), our Supreme Court defined election of remedies as follows:

> An election of remedies in a fact situation must contain: (a) factors making more than one remedial form available; (b) the forms must in their theory, be inconsistent or repugnant; (c) the choice must be a wilful one, consciously made; and (d) the remedy chosen must be pursued so as to clearly indicate an irrevocable election.

The facts of this case fall within the definition. The theory of rescission and damages for breach of contract are inconsistent. From the record, it is shown that plaintiffs moved to transfer the case to the Chancery Court in order to pursue the action for rescission, and there is nothing therein to suggest that plaintiffs did not make a conscious, willful choice. Even if, as plaintiffs claim, the Circuit Court had required plaintiffs to proceed on only one theory, it does not appear in the record and plaintiffs do not allege that the Chancery Court restricted the theories upon which they could proceed. In fact, the Chancellor, in his finding, indicated that plaintiffs could have proceeded on a theory for damages. The Chancellor stated: "It [rescission] is not a form of relief that is always allowed and is on occasion denied even where the facts justify some other relief, such as money damages. However, money damages are not sought before us today, and we do not consider the suit from that point of view."

We note that the plaintiffs pursued the rescission remedy to a judgment on the merits. By any standard, this constitutes an irrevocable choice. See *Grizzard v. Fite*, 137 Tenn. 103, 191 S.W. 969 (1917).

The plaintiffs rely on *Montlake Coal Co. v. Chattanooga Co.*, 137 Tenn. 440, 193 S.W. 1057 (1917). In that case the plaintiff sued for rescission. The defendant demurred and the plaintiff amended its answer to plead reformation as an alternative basis for recovery. The Chancellor found no right of rescission, but did find a reformation in plaintiff's favor. The Supreme Court found that the bill was demurrable because of repugnancy, but the Court went on to say that if a party mistakenly pursues a remedy which he does not actually have, "the doctrine of election of remedies is generally held not applicable." 193 S.W. at 1058. The essence of the holding is that Montlake would be able to file a separate suit under reformation, after an adverse ruling on the first suit under rescission, precisely because the plaintiff could not join these inconsistent remedies in one action.

Rule 8.05, T.R.Civ.P., now expressly allows inconsistent pleading which we believe effectively undercuts the basis for the rule announced in *Montlake Coal Co. v. Chattanooga Co., supra.* The rules were designed to promote judicial economy, and there is therefore no justification for permitting a plaintiff to bring several suits on different theories, one after another until ultimately he recovers or fails, when he may now plead inconsistent theories in the same lawsuit. See, e.g., *Anthony v. Tidwell*, 560 S.W.2d 908 (Tenn.1977).

The plaintiffs argue that the adoption of the Rules of Civil Procedure has in effect abolished the doctrine of election of remedies. It should be observed, however, that the courts of this state have consistently upheld the doctrine even after adoption of the rules. *Hutchison v. Pyburn*, 567 S.W.2d 762 (Tenn.App.1977); *Mills v. Brown*, 568 S.W.2d 100 (Tenn.1978); *Purcell Enterprises, Inc. v. State*, 631 S.W.2d 401 (Tenn.App.1981). In *Isaacs v. Bokor*, 566 S.W.2d 532 (Tenn.1978), the Court held that a party must elect consistently from the remedies available to him. The Court said, "Of course, by his conduct he may not both affirm and at the same time disaffirm his contract." 566 S.W.2d at 537–38.

Rule 8.05, T.R.Civ.P., is a rule of pleading, however, and these later cases do not address the point in the litigation at which the election must be made. In *Grizzard v. Fite, supra*, it was held that filing a complaint on one theory constitutes an irrevocable election so as to bar any subsequent suit on an inconsistent theory. The dissent

in that case pointed out that the doctrine was "in a state of flux," and that three phases of the doctrine were in development. One was to hold, as did the majority, that filing suit on one theory was an irrevocable election.

[A]nother announces that, in certain types of cases at least, an election of remedies does not necessarily become conclusive even at the time favorable judgment is taken by the complainant; and the third line holds to the middle ground that the mere bringing of suit on one remedy is not a decisive act of election, and that the suit does not become such, prior to judgment, unless some benefit is taken by the complainant or some detriment is suffered by the adversary party.

191 S.W. at 972.

The seeds sown by the dissent in *Grizzard v. Fite, supra,* eventually bore fruit in *Barnes v. Walker,* 191 Tenn. 364, 234 S.W.2d 648 (1950), when the Supreme Court expressly overruled the rule adopted in *Grizzard* and held that the commencement of an action, followed by a voluntary non-suit, did not amount to an irrevocable election which precluded a subsequent suit on an inconsistent theory. In *Barger v. Webb, supra,* the Court stated that where the plaintiff sued in conversion the settlement of the conversion suit and a judgment upon the settlement made the election irrevocable. The Court in *Barger* cited with approval the following language:

> The purpose of the doctrine of the election of remedies is not to prevent recourse to any remedy but to prevent double redress for a single wrong. * *, it is a rule of convenience, if not of necessity, that a party once submitting to jurisdiction in an action cannot withdraw that submission. But it is different where a party merely commences an action or makes a levy. Dismissal of one or release of the other, in the absence of prejudice to the adverse party, puts the whole matter in statu quo. It is no final choice, and so no election of remedies.

Certainly under our modern rules of pleading and discovery, a party may not know the facts until discovery is completed, or even later, and to require a party to elect between inconsistent theories before the facts in the case are developed would work a great injustice. On the other hand, to allow a party to pursue one theory to judgment and then to file suit on the basis of a repugnant theory, even where the doctrine of *res judicata* would not bar the second suit, would frustrate the ends of justice and the established policy of judicial economy.

■ In the instant case, the plaintiffs contend that the Circuit Court required a choice between the claim for rescission and the claim for breach of contract. The record is silent with reference to any such requirement. Nevertheless, the plaintiffs did not make an irrevocable election by choosing to pursue the remedy of rescission in the Chancery Court. The election was made irrevocable when judgment was entered against them. Under *Barnes v. Walker, supra,* the plaintiffs could have taken a non-suit at any time before judgment, or before detriment to the defendants, and proceeded with their claim of breach of contract. Further, as we have seen, there is nothing in the record to suggest that plaintiffs could not have prosecuted both claims, in the alternative, in the Chancery Court. It was left to the plaintiffs to make the choice which seemed best to them. They chose and lost.

The judgment of the court below is affirmed. Costs of appeal are adjudged against the plaintiffs.

NEARN, P.J. (W.S.), and TOMLIN, J., concur.