# IN THE COURT OF APPEALS OF TENNESSEE
# AT JACKSON
Assigned on Briefs April 3, 2018

## SAMUEL SANDERS ET AL. V. MARVIN JACKSON ET AL.

**Appeal from the Chancery Court for McNairy County**
**No. 9091       William C. Cole, Chancellor**

_____

### No. W2017-01643-COA-R3-CV

_____

This matter involves a dispute between record owners of adjacent lots. Plaintiffs claim ownership of both lots. Defendant claims ownership of one lot and a shed situated on the other lot. Each sought compensation for damages and loss of use of their respective personal and real property during the dispute. The trial court held that each side owned the lot to which it was the record owner and that the shed was on plaintiffs' lot. It held that both sides failed to meet its burden of proof on the issue of damages. Accordingly, the court declined to award damages. Plaintiffs appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which RICHARD H. DINKINS, and KENNY W. ARMSTRONG, JJ., joined.

Ross Mitchell, Selmer, Tennessee, for the appellants, Samuel Sanders and Vanessa Sanders.

Joe L. Brown, Savannah, Tennessee, for the appellee, Marvin Jackson.

### MEMORANDUM OPINION[1]

_____

[1] Tenn. Ct. App. R. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I.

This matter involves two parcels of real property – Lot 1 and Lot 2. The parcels are located in McNairy County. They abut. The defendant is the record owner of Lot 1, according to the Register's Office of McNairy County; the plaintiffs are the record owners of Lot 2 according to the same source. Both plaintiffs and defendant claim ownership of a shed located on Lot 2.

At a bench trial, Mr. Kelvin Sanders, plaintiffs' father and the former owner of the two lots, testified that he purchased both lots in the early 1990s. He testified that he obtained a loan secured by a deed of trust on the properties for the purpose of constructing a house on Lot 1. The house later burned down. Lot 2 includes the shed. He received insurance proceeds and allegedly paid off the obligation secured by the deed of trust. However, he states that, due to an error, the deed of trust on Lot 1 was never released. A foreclosure took place in 2004. On October 4, 2004, a substitute trustees deed was recorded conveying the property to Bank One. Mr. Sanders the senior believes that the foreclosure was not legal because he did not receive proper notice. Mr. Sanders the senior was the original plaintiff in this action. Plaintiffs were later substituted for him, because they are the record owners of Lot 2.

After defendant purchased Lot 1, he stored items, including two vehicles, in the shed. He testified that when an issue arose about the ownership of the parcels in question, Mr. Sanders the senior padlocked the shed with defendant's property still inside. Later, at the request of Mr. Sanders the senior, the McNairy County Sheriff's Department placed a padlock on the shed. Defendant also had placed a padlock on the shed, but was unable to access the shed once the sheriff placed its lock. Defendant alleges that for two years and six months he was unable to access his property inside the shed.

Defendant asked the court for compensation for the time his personal items were locked inside the shed on Lot 2. He also requested compensation for improvements made on the property and for expenses related to the cleanup and improvements of the property. Plaintiffs requested compensation for the loss of use of the shed due to defendant's property being stored therein, and compensation for damages to plaintiffs' property. The trial court held in its order that:

> [T]he Plaintiffs claim ownership of Lot 1 based on an alleged illegal foreclosure of Lot 1 when their father, Kelvin Sanders, was the record owner of Lot 1. The Defendant claims ownership of a storage building situated on Lot 2 because he was told by the seller of Lot 1, [real estate agent], that the storage building was included in the purchase. The Court finds that the Plaintiffs have failed to meet the burden of proof necessary for the Court to award them possession of

> Lot 1, and that the Defendant has failed to meet the burden of proof necessary for the Court to award him possession of the storage building on Lot 2.

The court held that defendant is the owner of Lot 1, and that plaintiffs are the owner of Lot 2, including the shed. The court found that neither party owed the other damages.

## II.

Plaintiffs argue that there is sufficient evidence to support the finding that plaintiffs are entitled to an award of damages for the loss of use of the shed on Lot 2. They argue that the defendant took possession of property belonging to plaintiffs, and that defendant did so in violation of the property rights of plaintiffs. Conversion is "the appropriation of [property] to the party's own use and benefit, by the exercise of dominion over it, in defiance of plaintiff's right." *Barger v. Webb,* 216 Tenn. 275, 391 S.W.2d 664, 665 (1965).

In a non-jury case, our review of the trial court's factual findings is *de novo* upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). We review a trial court's conclusions of law *de novo* with no presumption of correctness. *Kaplan v. Bugalla*, 188 S.W.3d 632, 635 (Tenn. 2006). Due to the fact-intensive nature of boundary line disputes, the trial court is best suited to assess the credibility of the witnesses and its credibility determinations are binding on this Court unless the evidence preponderates against them. *Conder v. Salyers*, 421 S.W.3d 589, 592 (Tenn. Ct. App. 2013).

The standard of review we employ for damage awards in non-jury cases was set forth in *Memphis Light, Gas & Water Div. v. Starkey*:

> In the appeal of a damages award, the appellate review of "[w]hether the trial court has utilized the proper measure of damages is a question of law that we review *de novo*." The amount of damages awarded, however, is a question of fact so long as the amount awarded is within the limits set by the law. Thus, in a non-jury case such as this, we review the amount of damages awarded by the trial court with a presumption of correctness, unless the preponderance of the evidence demonstrates otherwise. Great weight is given to factual findings that are based on the trial court's assessment of witness credibility. This is because the "trial judge as the trier of fact had the opportunity to observe the manner and demeanor of all of the witnesses as they testified from the witness stand."

244 S.W.3d 344, 352–53 (Tenn. Ct. App. 2007) (internal citations omitted).

## III.

The record on appeal is limited to the technical record, trial exhibits, and a statement of the evidence prepared by plaintiffs. Plaintiffs argue in their brief that they are "entitled to damages, most notably in the form of rent, from the use of the shed on Lot 2." Plaintiffs argue that they "should not have to bear the cost of the loss of use of the shed on their property while it was locked." According to the statement of the evidence, the only witness called by plaintiffs was the original plaintiff to this action, Mr. Sanders the senior. He testified that he believed the foreclosure was improper, and therefore, plaintiffs owned both lots. There is no mention of plaintiffs presenting evidence regarding damage to any property or of rent owed. As outlined above, defendant testified that Mr. Sanders the senior placed a lock on the shed when an ownership dispute arose. He also caused the local sheriff to place an additional lock to prevent defendant from accessing the shed during the dispute. Defendant had to move the court to obtain permission to enter the shed and remove his vehicles, a motion that plaintiffs opposed.

The record therefore indicates that plaintiffs' loss of use of the shed occurred in conjunction with the defendant's loss of use of the property locked therein. This course of conduct and the facts outlined above do not evince an entitlement to damages. Consequently, the court declined to find that either party had carried its burden of proof and therefore it did not award damages. From the record as a whole, we cannot conclude that the evidence preponderates against these findings. We hold that plaintiffs are not entitled to an award of damages.

## IV.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants, Samuel Sanders and Vanessa Sanders. This case is remanded to the trial court for enforcement of the court's judgment and for collection of costs assessed by the trial court.

_____
CHARLES D. SUSANO, JR., JUDGE