BEN S. POLSKEE v. SAM FRIEDLANDER.

Western Section. July 31, 1928.

Petition for Certiorari denied by Supreme Court, January 12, 1929.

W. B. Rosenfield, of Memphis, for appellant.
Chandler, Shepherd & Owen, for appellee.

HEISKELL, J.  This is a suit for the conversion of a diamond ring.  On November 26, 1926, the complainant, Polskee, sold the ring in question to one B. C. Whitehead on a conditional sale contract.  The description was "One diamond ring No. 47, two sapphires and two diamonds on each side."  On the next day the vendee under the name of O. R. Whitehead, pawned the ring with defendant Friedlander for $250.  The complainant learned that defendant had the ring and demanded its return.  This was refused on the ground that the description in the conditional sale contract did not fit this ring.

Complainant filed his bill on September 26, 1927, against Friedlander and Whitehead, both as a replevin suit and one to recover on the ground of a conversion.  Upon objection, however, that the suit could not be maintained in this double aspect, an amended bill was filed abandoning the replevin feature and insisting only on the conversion.  The price mentioned in the contract was $750, of which $190 had been paid, leaving a balance of $560.  The Chancellor found that complainant was entitled to recover the value of the ring and fixed this at $575 and a decree was rendered against Sam Friedlander and S. Friedlander Finance Company, Sam Friedlander having incorporated after the suit was brought for $575 and costs.  Defendant has appealed and assigned errors.

The assignments, nine in number, raise these questions: (1) It was error to hold the description of the bill of sale contract sufficient to identify the ring, and that the ring was the one sold by complainant.  (2) The court erred in allowing parol testimony to identify the property.  (3) The court erred in fixing the value at $575.  (4) It was error to grant a recovery for the full market value and not to allow defendant credit for the $190 paid on the ring by the purchaser.  (5) It was error to refuse to allow defendant to satisfy the decree by returning the ring.

When sold, the number 47 was cut or scratched inside the ring.  Polskee says when first inspected in the possession of defendant, he examined carefully with a glass and could see where the number had been filed out.  When produced at the hearing, the ring was polished on the inside and showed no evidence of the number or of its effacement.  Defendant testified that nothing had been done to the ring after it came into his possession.  Complainant's

identification of the ring is positive. We think the court below was justified in finding that the ring when sold to Whitehead, had the number 47 inscribed on the inside. The testimony shows that was a serial number, not the same as any other ring, and intended for identification.

It is contended for defendant that the description "two diamonds and two sapphires on each side" cannot be held to describe this ring, because it has eight diamonds and eight sapphires around the central stone. But the testimony shows even by defendant's witnesses, that a ring, or a central stone, may be considered to have four sides and two on each side would make eight. Oral testimony of this sort is competent in connection with description without regard to the statute. It is along the same line indicated in Daugherty v. Chestnut, 86 Tenn., 1, where it was insisted that the farm known as "Rose Hill" was not sufficient to identify any land under the Statute of Frauds, and the court admitted oral testimony to show what land was known as "Rose Hill." With this explanation the description: One diamond ring No. 47, two sapphires and two diamonds on each side, is a perfectly good description to identify the ring in question.

Next, as to the value of the ring: The witnesses estimate the central diamond from a carat to a carat and a half. Most of them say from one and twenty-hundredth to one and thirty-hundredths. The testimony as to value per carat varies from $300 to $750. The Chancellor fixed this at $400 per carat, which is nearer the minimum than the maximum, and the weight at one and one-fourth carats and the value of the ring at $75. According to the proof in the case we see no reason to find fault with these findings of value and we do not see that appellant has any reason to complain.

But appellant says taking the value as correct he should have been allowed credit for the $190 collected by complainant on the ring from Whitehead. It is not necessary to go further than the case of McGill v. Chilhowee Lumber Co., 111 Tenn., 562, for the rule as to amount of recovery in conversion. If the suit is by the absolute owner, he is entitled to recover the market value of the property at time and place of conversion. If it is a lienholder suing, he is entitled to recover the amount of his lien not exceeding the value of the property. 38 Cyc., page 2088, states the rule thus: "The actual loss or injury suffered by plaintiff is in general the measure of damages in an action for conversion." The complainant held eight notes for $67.50 each, amounting to $540. The notes each bore interest from date and this interest down to the date of the decree, March 7, 1928, would be at least $40, so that the debt or lien if it be so considered, would amount to more than the

value fixed without considering the provision in the contract for fifteen per cent. attorney's fee in case of suit. The appellant cannot complain because the amount of the recovery was fixed at the value of the ring.

The defendant also insists that the decree should have allowed him to return the ring in discharge of the decree. The complainant first sued out a writ of replevin and gave a replevin bond in the sum of $1500 and also sued in trover. This was objected to by defendant and the trover feature dropped. If defendant had permitted the execution of the writ of replevin the conversion feature of the case would have dropped automatically. But defendant evidently preferred to have the replevin suit abandoned and to be allowed to keep the ring. After requiring the complainant to elect to drop the replevin suit and experimenting with the case as a suit for conversion, defendant cannot now be heard to say the court should for his benefit consider the case as a replevin suit and allow him to return the property.

All assignments of error are overruled and the decree of the lower court is affirmed. Appellant and surety on appeal bond will pay costs of appeal.

Owen and Senter, JJ., concur.