565 P.2d 572

Larry R. DUFF, Trustee in Bankruptcy in the Matter of Ray Wilburn Goff, Bankrupt, Plaintiff-Respondent,

and

Ray W. Goff, Plaintiff in Intervention and Counter-defendant-appellant,

v.

Dwayne DRAPER, dba M & D Irrigation, Defendant, Counter-claimant and Cross-claimant-respondent,

v.

REDI–RAIN MANUFACTURING CO., INC., dba Redi-Rain of Idaho, a corporation, Defendant and Cross-defendant-respondent.

No. 11973.

Supreme Court of Idaho.

June 13, 1977.

Lloyd J. Webb, Susan Porter McClard, of Webb, Burton, Carlson & Pedersen, Twin Falls, for appellant.

Peter G. Snow, of Church, Church & Snow, Burley, for respondent Draper.

Larry R. Duff, of Goodman, Duff & Chisholm, Rupert, for respondent Duff.

Richard Rosenberry, of Dunlap, Rettig & Rosenberry, Caldwell, for respondent Redi-Rain.

BAKES, Justice.

This suit involves claims and counterclaims concerning the sale and repossession of equipment in a sprinkler irrigation system. In 1968 the plaintiff in intervention appellant Ray W. Goff changed 160 acres of

his Minidoka County farm from a ditch irrigation system to a sprinkler irrigation system. The defendant respondent Dwayne Draper, dba M & D Irrigation, installed the system using pipe supplied by the defendant respondent Redi-Rain Manufacturing Co., Inc., dba Redi-Rain of Idaho, and other firms. There was no written signed contract between Goff and Draper or between Goff and Redi-Rain, nor did Draper or Redi-Rain ever obtain a UCC security filing on the equipment supplied by Redi-Rain. In the spring of 1970 Draper and an agent of Redi-Rain twice went upon Goff's farm to repossess equipment that Redi-Rain had supplied and Draper had installed, once removing an irrigation well pump and the other time removing "hand" or "lateral" lines used for irrigation sprinkling.

Goff was declared a bankrupt in the summer of 1970 and the plaintiff Larry Duff was appointed trustee of his estate. In the fall of 1971 Duff filed suit against Draper and Redi-Rain on behalf of the bankrupt's estate, alleging that Draper and Redi-Rain had converted the irrigation equipment they had repossessed in the spring of 1970. In April of 1973 Goff petitioned to intervene in the suit, claiming he had the right to sue for conversion of the irrigation equipment because it was a fixture, and thus part of his federal homestead exemption and was thus exempt from the control of the trustee or the claims of his creditors in bankruptcy. *See Duff v. Draper*, 96 Idaho 299, 527 P.2d 1257 (1974). Draper in turn counterclaimed against Goff for payment of an installation fee. Following trial without a jury, the district court found that the property had not been converted when it was repossessed and therefore concluded that neither the trustee in bankruptcy Duff nor the bankrupt Goff was entitled to damages for conversion of the equipment or for consequential damages resulting from its repossession. The court granted Draper's counterclaim for an installation fee. The trustee in bankruptcy did not appeal that decision. However, Goff has appealed from the part of the judgment denying his claims and granting the counterclaim against him. We affirm.

■ The first question we must decide is: if the irrigation equipment was converted when it was repossessed, did the claim for relief pass from Goff to the trustee in bankruptcy upon Goff's petition for bankruptcy? Section 70 of the Bankruptcy Act, 11 U.S. C.A. § 110, provides the following:

"§ 110. TITLE TO PROPERTY

"(a) The trustee of the estate of a bankrupt . . . upon his . . . appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located . . . (6) rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property; . . ."

Thus, Goff's rights of action for conversion passed to the trustee in bankruptcy unless the converted property was part of the exempt property under state or federal law. *Leach v. Bank of Vollmer*, 47 Idaho 263, 274 P.2d 627 (1929). The order of the bankruptcy court did not specifically exempt the irrigation equipment in question; however, the bankruptcy court did rule that Goff's homestead equity in the farmland upon which the irrigation equipment was used was exempt from the claims of creditors pursuant to 43 U.S.C. § 175. Goff argued before the trial court that the irrigation equipment had become affixed to his exempt real property, thereby changing in character from personalty to realty, and thus was included in the exemption of the federal homestead. The trial court found that the irrigation equipment had not become a fixture and continued to be personalty and thus was not exempt. We affirm the finding of the trial court.

■ The equipment in question consisted of an irrigation pump and "hand" or "lateral" irrigation lines. The pump sat on a concrete foundation embedded in the ground. It was attached to the foundation

by bolts and could be removed from it by loosening the bolts and by removing its coupling with an irrigation line. The "hand" or "lateral" lines were above ground lines which could be removed from the property by uncoupling them from the subsurface lines which supplied water to them. Given these facts, there was evidence from which the district court could conclude that these pieces of equipment were not fixtures attached to the realty and had retained their character as personalty and we uphold that finding. *See Beebe v. Pioneer Bank & Trust Co.*, 34 Idaho 385, 201 P. 717 (1921); *Boise-Payette Lumber Co. v. McCornick*, 32 Idaho 462, 186 P. 252 (1919). *Cf.* I.C. § 55-101; I.C. § 28-9-313. Thus, if there was a conversion, the right of action for conversion passed to the trustee in bankruptcy. Accordingly, we reject Goff's assignment of error that he, not the trustee in bankruptcy, was entitled to bring the claim for conversion of the pump and lines.

■ Goff also argues that he was entitled to consequential damages to his exempt property as a result of the allegedly wrongful repossession because he was unable to raise and harvest crops from the farm in 1970 and for several years thereafter because he had no irrigation system to deliver water to growing crops. The district Court denied any claim for consequential damages. We affirm for several reasons. First, assuming that the repossession had been a conversion in violation of Goff's rights, nevertheless, Goff did not show that the conversion left him in any different position than he would otherwise have been. Because the irrigation equipment was not exempt, the trustee in bankruptcy would have been entitled to dispose of it for the benefit of Goff's creditors. Had the trustee done this, Goff would have been in the same position as he was after Draper and Redi-Rain repossessed the equipment, but would not have been entitled to damages for removal of the equipment. Thus, it cannot be said the repossession caused any consequential damages that would not have otherwise occurred. Even if this reality is ignored, nevertheless the district court was entitled to conclude from the evidence presented at trial that Goff had not proved a case for consequential damages. Consequential damages for conversion are awarded only when lost profits have been proved with reasonable certainty. *Jolley v. Puregro Co.*, 94 Idaho 702, 496 P.2d 939 (1972); *Weaver v. Pacific Finance Loans*, 94 Idaho 345, 487 P.2d 939 (1971). As this Court has said in such cases, proof of lost gross revenues due to the conversion or proof of potential profitability had the conversion not taken place is not a sufficient basis for awarding consequential damages for lost profits, particularly in businesses without a history of profitable operation. *See Jolley v. Puregro Co., supra.*

■ Finally, Goff appeals from the award of $1,016.44 plus interest to Draper for installation of the irrigation system.[1] The evidence shows that this was a reasonable charge for installation of the system. We uphold the award of the trial court for the installation charge plus interest dating from the time of installation.

Judgment affirmed. Costs to respondents.

McFADDEN, C. J., and DONALDSON, SHEPARD and BISTLINE, JJ., concur.

---

1. This claim was not precluded by Goff's bankruptcy because Goff was denied a discharge in bankruptcy.