**LANCE PRODUCTIONS, INC.,**
**Plaintiff–Appellee,**

**v.**

**COMMERCE UNION BANK,**
**Defendant–Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 19, 1988.

Permission to Appeal Denied by Supreme Court Dec. 27, 1988.

Steve North, Nashville, for plaintiff-appellee.

Craig J. Donaldson, James A. Davis, Jr., Dearborn & Ewing, Nashville, for defendant-appellant.

## OPINION

TODD, Presiding Judge.

The defendant, Commerce Union Bank, has appealed from a jury verdict and judgment in favor of the plaintiff, Lance Productions, Inc. in the amount of $750,000 for wrongful attachment and conversion of a bus.

There is evidence of the following facts:

Plaintiff is a booking agent for entertainers. Its stockholders are Sherman Ford and wife Joy Ford. In October, 1979, plaintiff acquired the subject bus which was extensively modified for use as a traveling home for entertainers. In late 1980 or early 1981, plaintiff rented or loaned the bus to one, Lee Hollingsworth. In February, 1981, defendant instituted an attachment suit to enforce a debt of Hollingsworth to defendant. An officer holding the attachment seized the bus from Hollingsworth, and turned it over to defendant. It was stored in defendant's lot for a time, but was afterwards moved to a public street where it was vandalized. No information as to the disposition of the attachment suit is found in the briefs or record.

This suit was instituted for wrongful attachment and conversion with the results above stated.

On appeal, the defendant presents 10 issues which relate to (1) Evidence supporting the verdict, (2) Evidentiary rulings, and (3) Jury Instructions. Appellee also presents an issue as to punitive damages. The issues will be discussed in logical order, beginning with admission of evidence.

### Evidentiary Rulings

■ Appellant's first evidentiary complaint is as follows:

A. The trial court erred in excluding the testimony of James Omer concerning information he provided to Fred White and in excluding the testimony of Fred White concerning the information that he received from James Omer because this testimony was not hearsay, and it was probative of and relevant to the issue of whether Commerce Union Bank made a proper, qualified refusal of Lance Productions, Inc.'s demand for possession of the bus.

The entire argument on this contention is as follows:

Mr. Omer's testimony was probative of and relevant to the issue of Commerce Union Bank's qualified refusal to surrender possession of the bus. Mr. Omer told Mr. White that he had received information from a client that a bus owned by Hollingsworth was at the truck stop and he gave Mr. White the license number and the year and model of the bus. (Tr. 276—excluded). He also told Mr. White that the bus was only going to be there that day and that Hollingsworth was leaving town. (Tr. 277—excluded). Mr. Omer conducted an investigation and he heard enough to convince him that Mr. Hollingsworth was the owner of the bus. (Tr. 281—excluded). Mr. Omer believed that this was done before the bus was attached. (Tr. 282—excluded).

The testimony of Mr. White was probative of and relevant to Commerce Union Bank's qualified refusal to surrender possession of the bus. The trial court precluded Mr. White from stating the source of his information and the information that he had received. (Tr. 248–250—excluded). Mr. White was not al-lowed to testify that this information led him to believe that Hollingsworth owned the bus. (Tr. 246—excluded). This testimony was critical because it explained why Mr. White believed that Mr. Hollingsworth owned the bus and why Commerce Union Bank refused to surrender possession of the bus until it could determine, among other things, who was the rightful owner.

The trial court, on the objection of Lance's attorney, excluded Mr. White's testimony concerning what Mr. Omer had told him about the identification of the bus and the ownership of the bus. (Tr. 247–250). The trial court held this was hearsay. This testimony was not offered for the truth of the matters stated by Mr. Omer to White, but it was offered to show Mr. White's state of mind and the information on which he acted. It is well established in Tennessee that, when the issue is whether a party acted prudently, wisely, or in good faith, the information on which he acted, whether true or false, is original and material evidence, not hearsay. *Letellier–Phillips Paper Co. v. Fiedler*, 32 Tenn.App. 137, 222 S.W.2d 42 (1949). *See also, McCormick on Evidence*, § 246 at 730 (3rd Ed.1984). The jury heard that Mr. White did not believe Mr. Hollingsworth's statement that the bus was owned by Sherman Ford. (Tr. 46; 51). However, the jury did not hear the basis for Mr. White's testimony that he did not believe Mr. Ford owned the bus, which, in turn, made it impossible for the jury to determine whether there was confusion as to whether Lance was the rightful owner of the bus and whether Commerce Union Bank made a reasonable inquiry within a reasonable period of time to determine whether Lance was the rightful owner of the bus. Obviously, if Mr. White had arbitrarily refused to believe Mr. Hollingsworth's statement, Commerce Union Bank would have been unable to sustain its defense of qualified refusal. On the other hand, this information was the basis for Mr. White's refusal to believe Mr. Hollingsworth's statement and the jury should have

heard this testimony with regard to Commerce Union Bank's defense of qualified refusal. Accordingly, Commerce Union Bank submits that the exclusion of the foregoing testimony more probably than not affected the result because the jury was unaware of the basis for Mr. White's statement and the context in which it was spoken.

Unless punitive damages are to be considered (the jury was not instructed on punitive damages) the prudence, wisdom, good faith or "information" of the defendant in seizing plaintiffs' bus was immaterial. 89 C.J.S., *Trover and Conversion* § 128, p. 616. Therefore, the hearsay evidence offered on these subjects was inadmissible.

■ Appellant's second evidentiary complaint is as follows:

B. The trial court erred in excluding the testimony of Carol Soloman concerning the lease of the bus and Commerce Union Bank's efforts to determine the identity of Plaintiff and its right to possession of the bus because this testimony was probative of and relevant to the issue of whether Commerce Union Bank made a proper, qualified refusal of Plaintiff's demand for possession of the bus, and it impeached the testimony of Plaintiff's other witnesses.

The trial court prohibited Carol Soloman, Lance's former attorney, from testimony before the jury. The basis for this ruling was that the testimony came within the attorney-client privilege and that it was part of discussions relating to compromise and settlement. (Tr. 336–350).

Pages 336 through 360 of the record are filled with a prolonged colloquy between counsel and the Trial Judge regarding this issue.

Pages 360 through 382 contain a tender of evidence which consists of the testimony of an attorney who represented plaintiff and Lee Hollingsworth that, some time after the seizure of the bus, she told a representative of the defendant that the bus was rented to Hollingsworth.

Nothing is found in the cited pages or elsewhere in the record to support appellant's second evidentiary complaint. As was discussed heretofore, hearsay statements to the defendant are immaterial to the merits in the absence of consideration of punitive damages. Even if the statement of counsel should be competent as an admission of an agent, the subject of the admission was immaterial because it was not an admission that plaintiff was not entitled to possession of the bus on the date of the filing of this suit. See discussion of this aspect hereafter. Moreover, the judgment is to be reversed on other grounds, so that the exclusion of this evidence need not be dispositive of the appeal.

■ Appellant's third evidentiary complaint is as follows:

C. The trial court erred in excluding substantially all of the testimony of John Edwards concerning his investigation to determine the identity of the owner and its right to possession of the bus because this testimony was probative of and relevant to the issue of whether Commerce Union Bank made a proper, qualified refusal of Plaintiff's demand for possession of the bus.

The testimony of John Edwards that was excluded was probative of and relevant to the issue of Commerce Union Bank's qualified refusal to tender possession of the bus. Mr. Edwards initiated an investigation to identify the owner of the bus and to determine whether Commerce Union Bank had a right to hold the bus.

If punitive damages were to be assessed, the testimony might be relevant, but no charge was given on punitive damages and none were assessed. The excluded evidence was immaterial to the issue of wrongful attachment and conversion, hence its exclusion was not error.

Appellant's fourth evidentiary complaint is as follows:

D. The trial court erred in denying Commerce Union Bank's motion to strike the testimony of Sherman Ford

concerning the loss of a contract to produce a record album and the loss of profits because it was hearsay, and there is no evidence in the record, aside from this incompetent testimony, to support the verdict of the jury on this issue.

Rule 6(a)1 of the Rules of this Court reads as follows:

Rule 6. Briefs.—(a) Written argument in regard to each issue on appeal shall contain:

1. A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

■ Appellant's brief cites the pages of the record where the objectionable testimony and the motion to strike are found, but there is no citation of the location of the erroneous ruling of the Trial Court and no such ruling is found in the record. The Court of Appeals is not under a duty to minutely search a voluminous record to support arguments unsupported by citation. *Schoen v. J.C. Bradford & Co.,* Tenn.App.1982, 642 S.W.2d 420.

The failure to support this complaint by proper citation is harmless because, as hereafter discussed, the proffered evidence does not relate to an allowable element of damages, and the verdict will be set aside on that ground.

*Evidence to Support Verdict*

■ Appellant's first complaint as to lack of evidence is as follows:

I. There is no material evidence to support the verdict of the jury finding Commerce Union Bank guilty of conversion in acquiring possession of the bus because Plaintiff neither had possession nor a right to immediate possession of the bus at the time the bus was attached.

At trial, Lance asserted that the conversion occurred when Commerce Union Bank attached the bus. Commerce Un-

ion Bank denied that its taking of the bus was a conversion, and it maintained that it had rightfully acquired possession of the bus because it took possession from Mr. Hollingsworth, who had both possession and the immediate right to possession of the bus at the time the bus was attached. Commerce Union Bank maintained that Lance did not have an immediate right to possession of the bus because the bus was leased to Mr. Hollingsworth.

Appellant insists that possession or right of possession is a prerequisite to recovery for conversion, citing *Caldwell v. Cowan,* 17 Tenn. (19 Yerg.), 262. That case was an action in trover against an officer who had levied an execution on a horse. It was held that, since the horse was bailed to another *at the time the suit was filed,* the plaintiff could not succeed in the pending suit. However, the Court said:

If, indeed, after the expiration of the term for which the property may be hired or let, the conversion were to continue, the owner, then having right of possession might maintain trover upon such conversion or existing conversion. *Id.* p. 264.

Appellant also cites *Barger v. Webb,* 216 Tenn. 275, 391 S.W.2d 664 (1965). Appellant's argument does not discuss the applicability of this authority to the present case. A study of the cited case discloses no discussion of the present issue, i.e. action for conversion of property to which plaintiff was not entitled at the time of suit. However, in that case, the Supreme Court did say:

A conversion, in the sense of the law of trover, is the appropriation of the thing to the party's own use and benefit, by the exercise of dominion over it, in defiance of plaintiff's right. *Roach & Co. v. Turk,* 56 Tenn. 708; *Broadway Furniture Co. v. Bates,* 170 Tenn. 36, 91 S.W. 2d 300; *Breeden v. Elliott Bros.,* 173 Tenn. 382, 118 S.W.2d 219. In conversion the measure of damages is the value of property which is withheld by the defendant at the time of the conversion.

*Roth Coal Co. v. Louisville & N.R. Co.,* 142 Tenn. 52, 215 S.W. 404.

The duration of the rights of Hollingsworth to possession of the bus to the exclusion of plaintiff is the subject of controverted testimony, and the conflict therein has been resolved by the jury in favor of plaintiff. That is, the jury has found that, at the time this suit was filed, plaintiff was entitled to the possession of its bus which the defendant was continuing to withhold.

Appellant next argues that plaintiff was required to demand possession of the bus and failed to prove that it had done so.

In *Merchant's National Bank of Memphis v. Trenholm & Son,* 59 Tenn. (12 Heisk) 520, the Supreme Court said:

> The authorities, we think, will show that a demand of possession, and a refusal, as evidence of a conversion, are required only in those cases where the possession was rightfully acquired; and not where the act of taking possession was itself a conversion. *Garvin v. Luttrell,* [29 Tenn. 16] 10 Hum., 16; *Scruggs v. Davis,* [37 Tenn. 261] 5 Sneed, 261; *Arendale v. Morgan,* Ib., 703.

> Assuming control of the property inconsistently with the rights of the owner, under our authorities, is itself a conversion; so that a conversion took place here when the bank assumed control of the goods, in July, 1870.

> The plaintiffs had the right to the value of the goods at the date of the conversion; or, according to same authorities, the highest value at any time between the date of their conversion and the end of the trial. *Romaine v. Van Allen,* 26 N.Y., 309.

There is evidence, which the jury evidently believed, that plaintiff made timely demand upon defendant for the bus and that the demand was refused.

No merit is found in defendant's complaint of lack of evidence to support liability of defendant.

■ Appellant's second complaint in respect to sufficiency of evidence is as follows:

II. The Trial Court erred in denying Commerce Union Bank's Motion For A Directed Verdict, which was made at the close of Plaintiff's proof and renewed at the close of all the evidence, and in denying Commerce Union Bank's Motion For Judgment in accordance with its Motion For Directed Verdict on the issue of whether Plaintiff could recover damages for loss of profits because there is no material evidence to support the verdict of the jury awarding Plaintiff such damages.

The trial court erred in denying Commerce Union Bank's motion for a directed verdict and its motion for judgment in accordance with its motion for directed verdict on the issue of whether Lance could recover damages for loss of profits for two reasons: one, there is no material evidence to support the verdict of the jury awarding Lance such damages; and two, Lance's evidence clearly was speculative.

The theory or theories of damages is not specified in the complaint. However, there is evidence that, at the time of conversion, the bus was worth $70,000 to $75,000 and that its rental value was $250 to $300 per day. There is evidence that plaintiff was unable to buy a replacement bus for lack of money, and that a replacement was ultimately purchased in 1984. There is also evidence that the conversion of the bus damaged plaintiff because "People figured that we must be broke if we could not afford to pay for a bus that we had just acquired," that "we lost a lot of business that we don't even know about as a result of that." There is also evidence that Mrs. Ford's singing career was damaged because she was upset by the conversion and "If I am upset, I can't do my job very well." There is also evidence that Mrs. Ford had to disband her entertainment troupe for lack of a suitable bus. There is also evidence that at the time of the conversion, plaintiff was negotiating with an entertainer for a contract that would have produced a profit close to $1,000,000, and that the deal "fell through" because of the gossip about plaintiff's bus being repossessed.

■ As a general rule, plaintiff's damages in an action for conversion are measured by the sum necessary to compensate him for all actual losses or injuries sustained as a natural and proximate result of the defendant's wrong. 89 C.J.S., *Trover and Conversion* § 162, 642; *Polskee v. Friedlander*, 8 Tenn.App. 533 (1928).

■ However consequential damages must be proved with reasonable certainty *Duff v. Goff*, 98 Idaho 379, 565 P.2d 572 (1977).

■ The ordinary measure of damages for conversion is the value of the property converted at the time and place of conversion, with interest. 89 C.J.S., *Trover and Conversion* § 163, 642.

■ If special damages are pleaded and proved, plaintiff may recover for all injuries or losses sustained as a proximate result of the conversion, but there can be no recovery for losses or injuries which are too remote or uncertain, or which the plaintiff could have avoided by the exercise of ordinary diligence. 89 C.J.S., *Trover and Conversion* § 170, 648.

■ Where damages, though the natural results of the act complained of, are not the necessary result of it, they are termed "special damages" which the law does not imply and which must be alleged in order that evidence on the subject may be admissible. *Lasater Lumber Co. v. Harding*, 28 Tenn.App. 296, 189 S.W.2d 583 (1945).

It is generally held that special damages must be particularly averred in the complaint to warrant proof thereof or a recovery therefor. 25 C.J.S. 131, 1185.

No special damages were alleged in the complaint.

■ Ordinarily, in the absence of malicious intent to harm, there can be no recovery for mental anguish or humiliation resulting from conversion of personal property. 89 C.J.S., *Trover and Conversion* § 117, 651.

While it has been held absolutely that injuries to business are not recoverable as damages in trover, and there can be no recovery for loss of profits or injuries to businesses of a speculative or uncertain nature, it is often held that there can be a recovery for such losses if they are shown with certainty, except in so far as such losses could have been avoided or minimized by the exercise of due diligence on the part of plaintiff. 89 C.J.S., *Trover and Conversion* § 178, 651.

■ Damages for conversion of a vehicle are comparable to damages for loss or loss of a vehicle by negligence as in a collision. In such cases, the rule is that, where no other vehicle is available, lost profits may be recovered if proved with certainty, but an award of lost profits is erroneous in the absence of a showing that no other vehicle could be had. There is no evidence of the unavailability of another vehicle except lack of funds which is not recognized as an exception to the duty to mitigate damages by obtaining another vehicle. See 89 C.J.S. *Damages* § 83, 919.

The complaint contains no allegation of special damages in the form of lost reputation, loss of profits or emotional distress.

There is no evidence to support damages for defamation, and no legal basis for award of such damages in this case.

In a suit by Lamar Productions, Inc., there is no basis in this record for awarding damages for emotional distress of Mrs. Joy Ford.

There is no evidence of sufficient certainty to support an award for loss of profits. *Lawler v. Zapletal*, Tenn.App.1984, 679 S.W.2d 950; *Maple Manor Hotel, Inc. v. Metro Gov't of Nashville and Davidson County*, Tenn.App.1975, 543 S.W.2d 593; *Anderson Gregory Co. v. Lea*, 51 Tenn. App. 612, 370 S.W.2d 934 (1963); *Morristown Lincoln Mercury v. Roy N. Lotspeich Pub. Co.*, 42 Tenn.App. 92, 298 S.W.2d 788 (1956).

The foregoing disposes of all complaints as to insufficiency of evidence.

The foregoing also disposes of the first two complaints as to instructions, i.e., (A) an instruction on mental distress and embarrassment and (B) an instruction on loss of profits.

Finally, appellant complains of an instruction to the jury as follows:

I further charge that the plaintiff in this case had no duty to mitigate its damages by retaking possession of the bus since to have retaken possession would have waived his cause of action for conversion.

Apparently, it was the view of the Trial Judge that the owner's acceptance of the return of the converted property would constitute a waiver of the rights of the owner. Such is not the law.

After an act of conversion has taken place and become complete, a return, restoration or tender or offer to return or restore the property, although provable in some cases, will not bar the cause of action in trover (for conversion). 89 C.J.S., *Trover and Conversion* § 86, 581–82.

It was error for the Trial Judge to charge as above, for it was the duty of plaintiff to act with reasonable diligence to mitigate its damages.

### Punitive Damages

The brief of plaintiff concludes with:

"Cross Appeal—Punitive Damages" stating the issue of the refusal of the Trial Court to instruct the jury on punitive damages. The evidence cited by plaintiff is not sufficient to support a verdict of willful and malicious conduct, hence the refusal to charge punitive damages was not error.

The present record supports a verdict in some amount in favor of plaintiff, but the ascertainment of the amount of the damages must depend upon findings of a jury as to the actual damages sustained in the light of the factors discussed in this opinion, including the effect of any unreasonable refusal of a tendered return of the bus to plaintiff and failure to act reasonably to mitigate damages.

The judgment of the Trial Court is reversed. The cause is remanded to the Trial Court for a new trial consistent with this opinion. Costs of this appeal are taxed against the plaintiff.

REVERSED AND REMANDED.

LEWIS and FRANKS, JJ., concur.