IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 20, 2014 Session

## COREY BLOCKER v. NASHVILLE RESCUE MISSION

**Appeal from the Circuit Court for Davidson County**
**No. 13C850      Hamilton V. Gayden, Jr., Judge**

---

**No. M2013-00936-COA-R3-CV - Filed December 15, 2014**

---

In this action for conversion of personal property, Plaintiff contends the defendant, the Nashville Rescue Mission, is liable for throwing away his personal possessions that he stored in a locker at the Mission. Relying on the terms and conditions of a written "Locker Use Guidelines and Agreement," the Mission insists it is not liable because it disposed of the property as authorized by Plaintiff. The Mission submitted interrogatories and requests for admissions to which Plaintiff objected generally. The Mission then obtained an order compelling Plaintiff to respond to the discovery as required by the rules of civil procedure. When Plaintiff responded, but not as required by the rules of civil procedure, the Mission filed a motion to have the requests for admissions deemed admitted; the trial court granted the motion. Thereafter, the Mission filed a motion for summary judgment relying on the admissions and the relevant terms and conditions of the Locker Use Guidelines and Agreement. Based upon the Agreement and other facts that were deemed admitted, the court concluded that summary judgment was appropriate as Plaintiff could not establish an essential element of his claim for conversion. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Corey D. Blocker, Antioch, Tennessee, Pro Se.

Nicholas Mark Tidwell, Brentwood, Tennessee, for the appellee, Nashville Rescue Mission.

**MEMORANDUM OPINION**[1]

This most unorthodox civil action was initiated as a class action for deprivation of constitutional rights and then took a detour through the United States District Court only to return to the circuit court for Davidson County. Plaintiff, who is pro se, contends the Nashville Rescue Mission is liable to him for conversion of his possessions that he stored in a locker at the Mission.

The facts in this record establish that Plaintiff was a periodic guest at the Mission over the past few years. Lockers for personal belongings were offered to guests when available, subject to the terms of a "Locker Use Guidelines and Agreement" ("the Agreement"), and Plaintiff used the lockers on several occasions. The Agreement, which was duly executed, required that guests stay 75% of the month to use a locker, the guest's name must continue to appear on the "bed roster," and, if the name does not appear on the bed roster for five consecutive nights, the items stored in the lockers would be deemed abandoned. The Agreement also stated that the Mission "was not responsible for loss, theft or damage of content/items in [the] locker. As a Guest, you are responsible for your belongings."

Once this action settled in the circuit court for Davidson County, the Mission submitted interrogatories and requests for admissions, which Plaintiff failed to answer as required by the rules of civil procedure. Thereafter, the Mission obtained an order compelling Plaintiff to respond to the discovery requests. After the order was entered, Plaintiff filed a global objection to all discovery. Upon motion of the Mission, the court found Plaintiff's objections without merit and ruled that the requests for admissions were deemed admitted. The Mission then filed a motion for summary judgment, based primarily on the admissions, to negate essential elements of the conversion claim by establishing that Plaintiff admitted signing the Agreement, he had multiple gaps in his stay at the Mission, and his items were disposed of as authorized by the Agreement.

In its order granting summary judgment, the court found that Plaintiff failed to comply with an order to respond to discovery, that all requests for admissions were deemed admitted, and, based on the deemed admissions, that Plaintiff signed the Agreement each time he used a locker at the Mission and he observed signs concerning locker use guidelines. The

---

[1]Tenn. Ct. App. R. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

-2-

Agreement required Plaintiff to be a guest 75% of the month to use a locker and if he fails to be registered on the "bed roster" for five consecutive nights, then the items in the locker will be deemed abandoned and disposed of. Based on the deemed admissions, the court found that Plaintiff failed to comply with the Agreement; consequently, the items were disposed of pursuant to the Agreement. As a result, the court concluded summary judgment was appropriate as Plaintiff cannot establish an essential element of his claim and dismissed the case. This appeal followed.

The "issues" presented by Plaintiff are not appropriate for this court to consider in that they are argumentative, non-justiciable contentions; nevertheless, the "issue" that is appropriate for our consideration is whether the trial court erred in dismissing this case.

## ANALYSIS

Conversion is the appropriation of tangible, personal property to a party's own use and benefit to the exclusion or in defiance of the owner's rights. *Barger v. Webb*, 391 S.W.2d 664, 665 (Tenn. 1965); *Lance Prods., Inc. v. Commerce Union Bank*, 764 S.W.2d 207, 211 (Tenn. Ct. App. 1988)). To make out a prima facie case of conversion, one must prove (1) the appropriation of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) *in defiance of the true owner's rights*. *Kinnard v. Shoney's, Inc.*, 100 F. Supp. 2d 781, 797 (M.D. Tenn. 2000); *Mammoth Cave Prod. Credit Ass' v. Oldham*, 569 S.W.2d 833, 836 (Tenn. Ct. App. 1977) (emphasis added).

As the trial court correctly held, Plaintiff cannot establish an essential element of his claim for conversion: that the Mission acted "in defiance of" Plaintiff's property rights. This is due to the fact that Plaintiff authorized the Mission to dispose of his personal effects pursuant to specific criteria set forth in the Agreement, and the facts, as deemed admitted, establish that the Mission acted in compliance with those criteria. Accordingly, we affirm the summary dismissal of this action.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Plaintiff.

_____
FRANK G. CLEMENT, JR., JUDGE