FILED

05/12/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 22, 2017 Session

**WONDIMU BORENA v. JASON JACOCKS, ET AL.**

**Appeal from the Circuit Court for Davidson County**
**No. 15C2783  Thomas W. Brothers, Judge**

_____

**No. M2016-00449-COA-R3-CV**

_____

This is a mechanic's lien case.  Appellee/auto repair shop agreed to repair Appellant's vehicle for $5,267.30.  Appellant paid this amount, but Appellee raised the estimate to $9,489.30.  Appellant did not pay the additional costs.  Under a purported mechanic's lien, Tennessee Code Annotated Section 66-19-103, Appellee sold Appellant's vehicle for $4,500.00.  Appellant filed a complaint, seeking damages for conversion and for violation of the Tennessee Consumer Protection Act.  The trial court dismissed Appellant's Tennessee Consumer Protection Act claim.  Concerning the conversion claim, the trial court held that Appellee did not have a valid mechanic's lien and had converted the property.  The trial court awarded $10,000.00 in damages to Appellant. Appellant appeals, arguing that the damage award is insufficient. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Wondimu Borena, Nashville, Tennessee, appellant, *Pro Se*.

Renard Astaire Hirsh, Nashville, Tennessee, for the appellees, Jason Jacocks and Greenleaf Collision, Inc.

# MEMORANDUM OPINION[1]

## I. Background

On January 3, 2014, Appellant Wondimu Borena purchased a 2012 Honda Odyssey minivan from an online car dealer for $7,041.93. The vehicle had been totaled, and Mr. Borena took the vehicle to Limon Auto Repair.[2] After extensive repairs to the vehicle, Mr. Borena received a rebuilt title for the automobile on April 17, 2014. However, Mr. Borena noticed that the tailgate was not closing properly. On June 7, 2014, he took the minivan to Greenleaf Collision, Inc. ("Appellee" or "Greenleaf") for further repairs. Greenleaf prepared an estimate of $5,267.30 for the repair. Mr. Borena agreed to the estimate, and, on June 12, 2014, made a $2,000.00 down payment and left the vehicle to be repaired. On September 2, 2014, Greenleaf contacted Mr. Borena and requested that he come to the shop. Appellant testified that when he arrived, he was informed that the total price of the repair had increased to $9,489.20, allegedly due to additional defects that were discovered after Greenleaf had given the initial estimate. On September 2 and 3, 2014, Mr. Borena made payments to Greenleaf of $2,000.00 and $1,500.00, respectively, for a total of $5,500.00. However, he refused to pay the full $9,489.20.

On January 8, 2015, Greenleaf allegedly sent notice to Mr. Borena that he owed $19,241.10 for repairs, storage fees, and processing fees, and informed him that, if the balance was not paid in full within ten days, Greenleaf would sell the vehicle to satisfy the debt. Appellant testified that he never received a letter from Greenleaf. On or about March 17, 2015, Greenleaf sold the vehicle for $4,500.00.

On June 3, 2015, Appellant, acting *pro se*, filed a warrant in the general sessions court against an employee of Greenleaf, Jason Jacocks, seeking a return of Appellant's vehicle, which he valued at $29,000.00; this warrant was dismissed, without explanation. Appellant refiled the case against Appellee Greenleaf. On July 13, 2015, the general sessions court dismissed the Greenleaf warrant, again without explanation. On July 17, 2015, Appellant filed a notice of appeal of the general sessions' judgment.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] On November 14, 2014, Appellant filed a complaint in the General Sessions Court for Davidson County ("General Sessions Court") against Limon Auto Repair. On January 6, 2015, the General Session Court heard the case, and granted a judgment to Appellant for $9,400.00.

On August 3, 2015, Mr. Borena, who was represented by counsel at the time, filed a complaint in the Circuit Court for Davidson County ("trial court") against Jason Jacocks and Appellee Greenleaf. Mr. Borena sought damages, costs, and attorney's fees, alleging: (1) violation of Tennessee Code Annotated Section 66-19-104(a)(1)(B), which requires an automobile repair facility to inform a consumer of his or her rights; (2) violation of Tennessee Code Annotated Section 66-14-102, which requires notice to the owner of a vehicle prior to sale on a lien; (3) violation of Tennessee Code Annotated Section 66-14-106, which requires the proceeds of a sale on a lien, if a balance remains, to be delivered to the former owner; (4) violation of the Tennessee Consumer Protection Act ("TCPA"), Tennessee Code Annotated Section 47-18-104; and (5) conversion of Appellant's property. On January 20, 2016, Appellee filed its answer to the complaint, alleging that it was entitled to sell Appellant's vehicle because Appellant had not paid the $9,489.20 repair cost. Appellee denied Appellant's statutory claims and claim for conversion and sought damages for the repairs and storage charges.

On January 20, 2016, the trial court heard the case. Appellant voluntarily dismissed Jason Jacocks as a party. At the close of proof, Greenleaf moved to dismiss Appellant's claims. The trial court dismissed Mr. Borena's TCPA claim, on the ground that Tennessee Code Annotated Section 47-18-104(b)(27) does not provide a private right of action and vests enforcement solely in the attorney general. The trial court denied Greenleaf's motion as to all other claims. On February 2, 2016, the trial court entered its order, finding:

1. For the reasons announced from the bench, the court finds that [Appellee] violated [Tennessee Code Annotated Section] 66-19-101, etc., it[s] statutory lien against [Appellant]'s vehicle was nullified[,] and [Appellee] committed conversion when it sold [Appellant's] vehicle;

* * *

4. [Appellee]'s counterclaim against [Appellant] is dismissed; and

5. A judgment is entered against [] Greenleaf Collision, Inc. for Ten Thousand Dollars and No Cents ($10,000.00) plus the costs of this action, all for which execution may issue if necessary.

Appellant appeals.

- 3 -

## II. Issues

We restate Appellant's issues, as follows[3]:

1. Whether the trial court erred in finding that Appellee violated Tennessee Code Annotated Section 66-19-101 *et seq.* and converted Appellant's property?

2. Whether the trial court erred in awarding $10,000.00 in damages to Appellant for conversion?

3. Whether the trial court erred in dismissing Appellant's TCPA claim?

Greenleaf asks this Court to award its attorney's fees and costs for this appeal on the ground that the appeal is frivolous, pursuant to Tennessee Code Annotated Section 27-1-122.

## III. Standard of Review

Because this case was tried by the trial court, sitting without a jury, we review the trial court's findings of fact *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of these findings, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 744 (Tenn. 2002). With respect to the trial court's conclusions of law, however, our review is *de novo* with no presumption of correctness. *Kendrick v. Shoemake*, 90 S.W.3d 566, 569 (Tenn. 2002).

To the extent that the issues require us to interpret and apply statutes, this Court reviews questions of statutory construction *de novo* with no presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). This Court's primary goal "is to carry out legislative intent without broadening or restricting the statute beyond its intended scope." *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013) (quoting *Lind*

---

[3] We note that Appellant raises as an issue concerning whether the trial court erred in commenting on the friendship between Appellant and Larry Jacocks, the manager of Greenleaf. From our review, Appellant did not object, at trial, to the comment. Therefore, this issue is waived. *Dye v. Witco Corp.*, 216 S.W.3d 317 (Tenn.2007) ("Issues raised for the first time on appeal are waived.") (quoting *Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996)).

Additionally, Appellant contends that the trial court erred by failing to consider his claims under the following statutes: Tennessee Code Annotated Section 66-14-106, which provides for distribution of proceeds from a lien sale in excess of the debt; and Tennessee Code Annotated Section 66-14-102, which provides for written notice before sale on a lien. Appellant did not pursue these claims at trial, and "[i]t is well-settled that issues are considered waived on appeal by the failure to present them at trial." *Edmunds v. Delta Partners, L.L.C.*, 403 S.W.3d 812, 825 (Tenn. Ct. App. 2012). Accordingly, we will not address the foregoing arguments.

***v. Beaman Dodge, Inc.***, 356 S.W.3d 889, 895 (Tenn. 2011)). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the legislature is not violated by so doing. ***In re C.K.G.***, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we should apply the plain meaning without complicating the task. ***Eastman Chem. Co. v. Johnson***, 151 S.W.3d 503, 507 (Tenn. 2004).

Before turning to the issues, we note that Appellant is self-represented in this appeal. However, "*pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many *pro se* litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a *pro se* litigant and unfairness to the *pro se* litigant's adversary. Thus, the courts must not excuse *pro se* litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (internal citations omitted).

## IV. Analysis

### A. Dismissal of Appellant's Tennessee Consumer Protection Act Claims

Appellant argues that the trial court erred in dismissing his claim under the Tennessee Consumer Protection Act. At trial, Appellant stated that he was proceeding under the "catch-all provision" of the TCPA, codified at Tennessee Code Annotated Section 47-18-104(b)(27)[4]:

> (b) The following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part:
>
> (27) Engaging in any other act or practice which is deceptive to the consumer or to any other person; provided, however, that enforcement of

---

[4] Because Appellant failed to raise any other provision of the TCPA at trial, any arguments Appellant raises for the first time before this court are waived. ***Dye***, 216 S.W.3d at 317.

this subdivision (b)(27) is *vested exclusively in the office of the attorney general and reporter and the director of the division*[.]

(emphasis added). In 2011, the Tennessee General Assembly amended the TCPA to remove the private right of action for this subsection and vested enforcement exclusively in the office of the attorney general and reporter. 2011 Tenn. Pub. Acts Ch. 510, § 15. Because the statute subsection cited by Appellant in his complaint does not provide a private right of action, Appellant's TCPA claim is not viable. Therefore, we conclude that the trial court did not err in dismissing Appellant's TCPA claim.

## B. Applicability of Tennessee Code Annotated Section 66-19-104

Tennessee Code Annotated Section 66-19-104 provides, in relevant part, that:

(a) Before beginning any repair work on a motor vehicle, an automotive repair facility shall inform the consumer for whom the repairs are to be done of the following rights:

(1) That a consumer:

* * *

(B) May not be charged an amount over twenty-five percent (25%) in excess of the written estimate without the consumer's consent or good faith attempt to acquire the consent; and

(2) That repairs not originally authorized by the consumer may not be charged to the consumer without the consumer's consent unless a repair facility makes a good faith attempt to acquire the consent prior to providing additional repairs. A good faith attempt shall entail at least an attempted telephone call to the consumer.

(b) The consumer's rights provided in subsection (a) shall be:

(1) Displayed immediately before the space for the signature of the consumer conspicuously in easily readable type;

(2) Physically separated from the other terms of the form used for authorization of repairs; and

(3) Listed under the printed heading "Consumer's Rights."

(c) If any automotive repair facility informs a consumer orally of the consumer's rights, the facility shall record in writing:

(1) The name of the persons who were notified or whom the facility attempted to notify;

(2) The date and time of the notification or attempt; and

(3) The signature of the person who made the notification or attempted notification.

(d) Failure to comply with this section shall abrogate the repair facility's rights under § 66-19-103.

The trial court found that Greenleaf violated Section 66-19-104 and committed conversion by selling Appellant's vehicle. The trial court explained from the bench:

Therefore, I find [Appellant] has carried [his] burden of proof and has shown violation of [Tennessee Code Annotated Section] 66-19-103 by [Appellee]. The effect of that is, it abrogates or removes [Appellee's] right to [proceed] under a garage keeper's lien under [Tennessee Code Annotated Section] 66-19-104. Therefore, the subsequent sale in March of 2015 was not authorized. In addition, the court finds [Appellant] has carried his burden of proof and shown that it was not a commercially reasonable sale.

* * *

For those reasons, it necessarily follows that the sale of the vehicle is in fact a conversion and [Appellant] has carried his burden and proven that, [Appellee] has exercised rights and derogation of the rights of [Appellant] who owned the vehicle….

Turning to the record, both Appellant and Larry Jacocks testified that Appellee provided Appellant with a "preliminary estimate" of $5,267.30 on June 7, 2014. At some point thereafter, Appellee informed Mr. Borena that the repair cost would be $9,489.20. Pursuant to Section 66-19-104, an automotive repair facility (such as Appellee) must obtain consent from a consumer to complete repairs that are twenty-five percent or higher than the original estimate; if the consumer is informed orally instead of in writing, the repair shop must create a written record of the notification. Larry Jacocks testified that Appellee never has customers "sign [anything] else once they sign us to repair [on the preliminary estimate;]" therefore, all future repair cost increases are by oral notification. Greenleaf made no record of any "good faith attempts" to obtain Appellant's consent to the additional repairs. Additionally, the estimate forms used by Greenleaf do not list the

statutory notice of consumer's rights as required in Section 66-19-104(b). Accordingly, the record does not preponderate against the trial court's finding that Appellee did not comply with the requirements of Tennessee Code Annotated Section 66-19-104; therefore, pursuant to subsection 66-19-104(d), we conclude that the trial court did not err in finding that Appellee was not authorized to sell Appellant's vehicle and that the sale was a conversion.

### C. Amount of Damages

We now address the trial court's damages award. Mr. Borena argues that the $10,000.00 damages "award… is less than half of the total expenses incurred," and, therefore, the trial court erred because its award was insufficient. As a threshold matter, in a bench trial, the trial court's determination of damages is a question of fact, and "we review the amount of damages awarded by the trial court with a presumption of correctness, unless the preponderance of the evidence demonstrates otherwise." *Memphis Light, Gas & Water Div. v. Starkey*, 244 S.W.3d 344, 352 (Tenn. Ct. App. 2007). In conversion actions, the measure of damages is the value of the property at the time and place of conversion. *Lance Prods., Inc. v. Commerce Union Bank*, 764 S.W.2d 207, 213 (Tenn. Ct. App. 1988).

Although Appellee sold Appellant's vehicle for $4,500.00, the trial court found that the sale was not commercially reasonable. The record indicates that Larry Jacocks testified that he did not sell the vehicle at auction; rather, Greenleaf placed a "For Sale" sign in the window and took the first offer without apparent negotiation. Therefore, we cannot conclude that the $4,500.00 amount was the fair market value for Appellant's vehicle at the time and place of conversion. Appellant testified that he values the vehicle at $29,000.00. As held by this Court, "an owner is not required to prove, but is presumed to know, the value of owned property." *Adams v. Duncan Transfer & Storage of Morristown*, 757 S.W.2d 336, 339 (Tenn. Ct. App. 1988). From our review of the record, the vehicle at issue is a 2012 Honda Odyssey minivan with 12,000 miles on the odometer with a purchase price of $7,041.00. Although Mr. Borena testified that the vehicle was worth $29,000, this amount appears excessive in view of the vehicle's history. From the totality of the evidence, and in light of the competing testimonies regarding the vehicle's value, coupled with the vehicle's history of damage and repairs, we cannot conclude that the trial court's award of $10,000.00 for conversion was outside the range of reasonableness so as to constitute an abuse of discretion.

### D. Appellee's Request for Damages

Greenleaf asks that this Court to award damages for frivolous appeal under Tennessee Code Annotated Section 27-1-122, which provides:

When it appears to any reviewing court that the appeal from any court of

record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision whether to award damages for a frivolous appeal rests solely in this Court's discretion. ***Chiozza v. Chiozza***, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009). "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." ***Indus. Dev. Bd. v. Hancock***, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). We find that this appeal is not so devoid of merit as to characterize it as frivolous. Accordingly, we exercise our discretion to decline Greenleaf's request for attorney fees and costs in defense of this appeal.

## V. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. We remand the case for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are taxed to the Appellant, Wondimu Borena, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE