## Annette HANNA

v.

## Scott SHEFLIN, et al.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

April 9, 2008 Session.

July 22, 2008.

Christopher J. Pittman and B. Nathan Hunt, Clarksville, Tennessee, for the appellant, Annette Hanna.

Thomas R. Meeks and Gregory D. Smith, Clarksville, Tennessee, for the appellees, Scott Sheflin and Linda Sheflin.

## OPINION

FRANK G. CLEMENT, JR., J.,
delivered the opinion of the court, in which
PATRICIA J. COTTRELL, P.J., M.S.,
and RICHARD H. DINKINS, J., joined.

The plaintiff brought this action for conversion against her parents, alleging that they converted $30,000 she entrusted to her father in 1991. The plaintiff, then 18 years of age, entrusted to her father the settlement proceeds she received as compensation for serious personal injuries she sustained in a vehicular accident. After recovering in her parents' home for two years, the plaintiff married and moved out of her parents' home. She did not ask her father to return the funds entrusted to him when she got married and moved out of his home in 1993, and did not ask that he return the funds until 2005. This action was filed in 2006. Following a bench trial, the trial court dismissed the action as time barred. The plaintiff appeals, contending the statute of limitations was tolled because her father fraudulently concealed his wrongful conduct. We have determined that the daughter failed to exercise reasonable care and diligence in discovering her father's alleged conversion of the funds. Accordingly, we affirm.

Annette Hanna sustained serious and debilitating injuries in a vehicular accident in 1991, following which she filed a negligence action against the driver of the vehicle in which she was riding. Ms. Hanna settled the case and received a net award of $63,000. At the time of the settlement, which occurred in May of 1992, Ms. Hanna was living with her parents as she continued to recuperate from her injuries.

When she received the settlement proceeds, she entrusted the entire sum to her father, Scott Sheflin, with the understanding that he would use the funds to pay her medical bills and purchase a car for her. The parties' intentions and understanding of what was to be done with the funds that remained after the medical bills were paid and her car was purchased was not stated at the time. Although it was not expressed at the time, Ms. Hanna believed that her Father would hold the funds that remained in trust for her benefit, while her Father believed he was entitled to keep the remaining funds for caring for her and providing room and board during her lengthy recovery. Ms. Hanna continued to reside with her parents until she got married in 1993.

The parties did not discuss the matter when Ms. Hanna moved out of her parents' home in 1993. Ms. Hanna testified that she did not inquire about the remaining funds until 2002, at which time her mother, Linda Sheflin, assured her that the money was being held for her benefit. Her mother, however, denied that any such conversation ever occurred.

Ms. Hanna made no other inquiries about the money until 2005, when she wrote a letter to her parents seeking information about the settlement proceeds after hearing a rumor that her parents had spent all of the money. After receiving no response from her parents, Ms. Hanna contacted an attorney who sent a letter to Mr. Sheflin seeking an accounting of the funds. Mr. Sheflin replied to the attorney's letter stating that all of the settlement money had been used to pay medical bills and purchase a vehicle for Ms. Hanna. After determining that the information given by her father was not correct, Ms. Hanna filed this action against her father and mother on March 29, 2006. In the Complaint, she alleged that her parents converted approximately $30,000 of the funds she entrusted to them and that they took steps to fraudulently conceal their

wrongful actions.[1] For her cause of action in the Complaint, Ms. Hanna alleged:

16. The defendants inappropriately converted the plaintiff's funds, received from the settlement of the plaintiff's personal injury claim, to their own use and benefit in violation of the law of the State of Tennessee.

17. The defendants took affirmative steps to fraudulently conceal their wrongful actions from the plaintiff and the defendants had a duty to disclose their inappropriate conduct to the plaintiff due to the relationship of parents and child that exists between the parties.

18. The plaintiff filed this suit for the defendants' misappropriation of the plaintiff's funds within one year of learning of the actionable conduct of her parents.

19. The plaintiff acted in a reasonable manner in her reliance upon the affirmative statements of her parents that the funds they were charged with preserving on behalf of the plaintiff had been invested for her benefit.

20. Due to the inappropriate conversion by the defendants of the plaintiff's personal injury settlement and the defendants' wrongful and fraudulent concealment of the same, the plaintiff has suffered losses including the loss of use of the funds in question and the loss of all anticipated increases in value of said funds, all for which the defendants are liable to the plaintiff.

Mr. and Mrs. Sheflin filed an Answer, denying their daughter's claims. Additionally, they filed affidavits admitting that they kept the remaining funds, $30,000, because their daughter "gave us the sum of $30,000 in consideration of the care, love and attention [they] rendered to her after her accident."[2] The Sheflins additionally asserted the affirmative defense that the claim was barred by the statute of limitations and laches.

The matter was tried without a jury on April 26, 2007. Subsequently, the trial court entered an Order finding that the plaintiff had failed to state a cause of action against her mother, Mrs. Sheflin, and therefore, the claim against her mother was dismissed. The court also found the claim was time barred as to both defendants, making specific findings that there was "no fraudulent concealment on the part of the Defendants due to the fact that the Plaintiff did not act diligently or exercise reasonable care in discovering her cause of action within the statutory time prescribed by law."[3] This appeal followed.

Ms. Hanna appeals the dismissal of the claim against her father. She does not, however, appeal the dismissal of the claim against her mother. As it pertains to her father, Ms. Hanna contends that the trial court erred by finding the statute of limitations had run prior to the filing of her complaint.

## STANDARD OF REVIEW

The involuntary dismissal in this case with regard to Mr. Sheflin was based

---

1. An Amended Complaint was filed on May 16, 2006. An Answer to the Amended Complaint was filed in June of 2006.

2. Mr. and Mrs. Sheflin filed affidavits on June 12, 2006, prior to filing their Answer to Ms. Hanna's Amended Complaint, which was filed on June 22, 2006.

3. The trial court, *inter alia*, found that Mr. Sheflin owed his daughter a fiduciary duty and remained silent and failed to disclose material facts despite a fiduciary duty to do so. The trial court also found the action against Mrs. Sheflin was barred by the statute of limitations.

upon the trial court's determination of the statute of limitations, which is a question of law. Conclusions of law are subject to *de novo* review with no presumption of correctness. *Bldg. Materials Corp. v. Britt*, 211 S.W.3d 706, 711 (Tenn.2007) (citing *Perrin v. Gaylord Entm't Co.*, 120 S.W.3d 823, 825 (Tenn.2003)). The trial court's findings of fact shall be reviewed *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the finding, unless the preponderance of the evidence is otherwise. Tenn. R.App. P. 13(d). Furthermore, the trial court's finding of credibility of the witnesses will be given great weight on appeal. *Riggs v. Riggs*, 250 S.W.3d 453, 456 (Tenn.Ct.App.2007).

### ANALYSIS

▇▇▇ The only claim presented in this case is one of conversion. Conversion is "the appropriation of [property] to the party's own use and benefit, by the exercise of dominion over it, in defiance of plaintiff's right." *Barger v. Webb*, 216 Tenn. 275, 391 S.W.2d 664, 665 (1965). To be liable for conversion, the defendant "need only have an intent to exercise dominion and control over the property that is in fact inconsistent with the plaintiff's rights, and do so." *Mammoth Cave Prod. Credit Ass'n v. Oldham*, 569 S.W.2d 833, 836 (Tenn.Ct.App.1977).

▇▇▇ Actions for conversion of personal property shall be commenced within three years of the accruing of the cause of action. Tenn.Code Ann. § 28-3-105(2). A cause of action accrues "when the plaintiff knew or reasonably should have known that a cause of action existed." *Johnson v. Craycraft*, 914 S.W.2d 506, 511 (Tenn.Ct. App.1995) (quoting *Stone v. Hinds*, 541

S.W.2d 598, 599 (Tenn.Ct.App.1976)); *see Willis v. Smith*, 683 S.W.2d 682, 688 (Tenn.Ct.App.1984) (holding that a cause of action accrues at the time the injury occurs, or when it is discovered, or when in the exercise of reasonable care and diligence the injury should have been discovered). The issue of accrual of a cause of action is a question of fact for the trier of fact. *Johnson*, 914 S.W.2d at 511–12 (citing *Nat'l Mortg. Co. v. Washington*, 744 S.W.2d 574, 580 (Tenn.Ct.App.1987)).

The trial court concluded that the statute of limitations had run prior to the commencement of this action. This conclusion was based upon the finding that Ms. Hanna did not exercise reasonable care in discovering her cause of action. Such a finding is entitled to a presumption of correctness. *See* Tenn. R.App. P. 13(d). Accordingly, we will review the record to determine whether the evidence preponderates against this finding of fact. *See* Tenn. R.App. P. 13(d).

The trial court correctly determined that Mr. Sheflin owed a fiduciary duty to his daughter while she was living with her parents as she recuperated following her 1991 accident.[4] This confidential relationship, however, ended when Ms. Hanna got married in 1993 and moved out of her parents' home to live with her husband. Moreover, it is undisputed that Ms. Hanna knew her father was still in possession of a substantial amount of her settlement proceeds when she moved out of her parents' home in 1993; yet, she made no inquiries concerning the funds. In fact, it is undisputed, and indeed Ms. Hanna admits that she did not speak with her parents about the funds until 2002 at the earliest, and possibly 2005, depending on whether you

---

4. Mr. Sheflin does not dispute the finding that he stood in a fiduciary relationship to his daughter.

believe Ms. Hanna or her mother's testimony concerning the alleged 2002 discussion.[5]

Ms. Hanna had fully recuperated by 1993 when she married and moved out of her parents' home. She lived independent of her parents at all times thereafter and there was no longer a reason for her father to hold the remaining funds for Ms. Hanna's benefit. This is because all of her medical bills had been paid, and the car she wanted her father to purchase for her with the settlement proceeds had been purchased by 1993. Therefore, with the exception of accounting for the settlement proceeds and returning the remaining funds to Ms. Hanna, all of Mr. Sheflin's fiduciary duties that arose from the confidential relationship had been completed by 1993. Accordingly, the statute of limitations began to run in 1993, when her father failed to make an accounting and deliver the remaining funds to her.

 Mere ignorance and failure of a plaintiff to discover the existence of a cause of action is not sufficient to toll the running of the statute of limitations. *Vance v. Schulder,* 547 S.W.2d 927, 930 (Tenn.1977) (citing *Hall v. DeSaussure,* 41 Tenn.App. 572, 297 S.W.2d 81 (Tenn.Ct. App.1956)). Fraudulent concealment of the cause of action by the defendant is an exception to this rule, which tolls the running of the statute of limitations. To come within this exception, Ms. Hanna had the burden to prove that her father took affirmative action to conceal her cause of action from her. *See Vance,* 547 S.W.2d at 930; *see also Willis,* 683 S.W.2d at 688. She also had the burden to prove that she could not have discovered her cause of action despite exercising reasonable diligence. *Vance,* 547 S.W.2d at 930.

Ms. Hanna failed to establish that she falls within the exception. She did not prove that her father took affirmative action to conceal her cause of action from her. Moreover, as the trial court correctly found, she failed to establish that through the exercise of reasonable diligence she could not have discovered the existence of circumstances that would have or should have alerted her to the fact that she had a cause of action. To the contrary, Ms. Hanna proved that she was anything but diligent by admitting that she did not inquire about the remaining funds and admitting that her parents made no statements to her concerning the status of the remaining funds from 1993 until 2002, at the earliest.

For the fraudulent concealment defense to save the day for Ms. Hanna, she had to prove that her father fraudulently concealed her cause of action from her prior to the third anniversary of her moving out of her parents' home. There is no evidence in the record to support a finding that her father took any affirmative action to conceal her cause of action prior to that time. We therefore conclude that the statute of limitations for a claim of conversion ran in 1996, ten years prior to the commencement of this action. Accordingly, we affirm the decision of the trial court that the claim is time barred.

## In Conclusion

The judgment of the trial court is affirmed, and this matter is remanded with

---

5. Ms. Hanna testified that she and her mother had a conversation about the funds in 2002, and that her mother told her the funds were being held in an investment account for her benefit. Her mother, however, emphatically denied that any such conversation occurred prior to 2005.

costs of appeal assessed against the Appellant, Annette Hanna.