# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
June 29, 2012 Session

## ANN LANGFORD ET AL. v. JEANE CLARK

**Appeal from the Circuit Court for Montgomery County**
**No. MCCHCVDT079     Laurence M. McMillan, Chancellor**

---

**No. M2011-01910-COA-R3-CV - Filed August 22, 2012**

---

In this conversion action, the trial court entered judgment against the defendant upon findings that she abused a confidential relationship, exerted undue influence, and improperly converted funds of her sister while she had dementia. The defendant appeals contending the action is time barred; she also contends the trial court abused its discretion by admitting into evidence the deposition of her sister's physician because she did not receive notice of the deposition. We have determined that the statute of limitations was tolled from the accrual of the claim of conversion until the death of the defendant's sister due to the sister being of unsound mind and that the action was timely filed after her death. We also find that the trial court did not abuse its discretion by admitting the deposition into evidence because the trial court afforded the defendant the opportunity to depose the physician but she failed to do so. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Gregory D. Smith and Travis N. Meeks, Clarksville, Tennessee, for the appellant, Jeane Clark.

Roger Alan Maness, Clarksville, Tennessee, for the appellees, Ann Langford, Russell Adkins and John Adkins.

## OPINION

This action for conversion was commenced on November 27, 2007, by Anne Langford, Russell Adkins, and John Adkins. The complaint alleges that the defendant, Jeane Clark, who was attorney-in-fact for her incapacitated sister, Margaret Adkins, used undue

influence to become a joint owner with right of survivorship on Margaret Adkins's certificates of deposit. Plaintiff Anne Langford is the sister of Jeane Clark and Margaret Adkins. Plaintiffs Russell Adkins and John Adkins are the sons of Herbert Adkins, Jr., the deceased brother of Ms. Langford, Ms. Clark, and Ms. Adkins.

Margaret Adkins and a third sister, Evelyn Adkins, never married and they lived together all of their adult lives in their ancestral home in the Hickory Point/Fredonia community in Montgomery County until Evelyn's death in early January 2002. Immediately following Evelyn's death, Margaret Adkins executed a general power of attorney and durable power of attorney for health care on January 9, 2002, designating Jeane Clark as her attorney-in-fact; Ms. Langford was designated as the alternate attorney-in-fact.

After Evelyn's death, Margaret Adkins was never allowed to live alone because she was suffering from Alzheimer's related dementia. After Evelyn's death, Margaret Adkins initially had a part-time caretaker but that proved unsatisfactory. By March 2002, the caretaker was dismissed and after that time, Ms. Langford and Ms. Clark alternated caring for her in their respective homes.

Later in 2002, Margaret Adkins made Ms. Clark a joint owner with right of survivorship on her investment accounts and certificates of deposits, which was done without the use of the power of attorney. As of 2003, Ms. Clark began to make all medical decisions for Margaret Adkins and paid her bills.

In fall of 2004, Ms. Clark placed Margaret Adkins (hereinafter "the decedent") in an assisted living facility, where she resided until her death on December 24, 2006. While in the assisted living facility, Ms. Clark began to write checks out of decedent's accounts, some of which were for the care of the decedent and some of which were for the benefit of Ms. Clark and other family members. The first check written by Ms. Clark on the decedent's account for Ms. Clark's personal benefit was in November 2004.

Following Margaret Adkins's death, while at a meeting with an attorney to discuss probating her will, Ms. Langford discovered that the funds in the decedent's investment accounts and CDs would pass outside of the estate and to Ms. Clark due to the titling of the accounts in Ms. Clark's name as a joint owner with right of survivorship.

As noted earlier, Anne Langford, Russell Adkins, and John Adkins filed this action on November 27, 2007. Ms. Clark filed an answer asserting the defenses of waiver, laches, and statute of limitations. Pursuant to an Agreed Order entered in August 2010, the Administratix *cum testamento* for the decedent's estate was allowed to intervene as a

plaintiff. The agreed order also provided that if any funds were recovered in the action they would be paid to the estate.

In the interim, on February 2, 2009, Ms. Clark's attorney filed a motion seeking leave to withdraw citing an inability to communicate with Ms. Clark. Plaintiffs opposed the motion pointing out that the deposition of Dr. Tommy Carman had been scheduled for February 4, 2009, and the motion to withdraw caused them to forfeit a $750 expert witness fee. The motion to withdraw was granted by order entered on February 13, 2009.

A second deposition of Dr. Tommy Carman, who had been the decedent's primary physician for several years, was scheduled. The deposition of Dr. Carman was taken in July 2009, however, Ms. Clark did not attend the deposition.

In October 2009, Ms. Clark retained her second attorney, and on October 22, 2009, the new attorney filed a motion to continue the trial date. In the motion, Ms. Clark also denied having received notice of Dr. Carman's second deposition. The motion for a continuance was granted.

By agreed order filed in August 2010, the case was set for a bench trial on December 20, 2010. Although Dr. Carman's deposition had been taken upon notice to Ms. Clark and Ms. Clark had asserted in her October 2009 motion that she did not receive proper notice of Dr. Carman's deposition, no mention was made of the issue of Dr. Carman's deposition.

Three months later, on November 12, 2010, Ms. Clark moved to strike the deposition of Dr. Tommy Carman on the ground that she did not receive proper notice of the July 2009 deposition. By order entered on December 9, 2010, the court stated that upon examination of the record Ms. Clark was not afforded the opportunity to cross-examine the expert witness and, therefore, she would be afforded the opportunity to schedule a deposition of Dr. Carman in order to cross-examine him. In a second order entered on December 16, 2010, the court expressly stated that the motion to exclude the deposition testimony of Dr. Carman was denied.

The bench trial occurred on December 20, 2010. When the case came on for trial there appeared to be some confusion concerning Ms. Clark's motion to exclude the testimony of Dr. Carman, which was brought to the court's attention when Ms. Clark's counsel sought to exclude the deposition by motion in limine. Following a discussion of what the court had

previously ordered, the court denied the motion in limine and the trial proceeded.[1] At the conclusion of the trial, the court took the matter under advisement.

The trial court issued a memorandum opinion on February 22, 2011, in which the court provided its findings of fact and conclusions of law, holding that the conversions were not "discovered" until November 2004, and thus the action was filed within the three-year statute of limitations for conversion actions found within Tennessee Code Annotated § 28-3-105. A Final Judgment was entered on March 18, 2011.

## ANALYSIS

Ms. Clark presents two issues on appeal. First, she contends that the trial court erred in allowing the deposition of Dr. Tommy Carman, which she claims she did not receive proper notice of pursuant to Tennessee Rule of Civil Procedure 30.02(1). Second, she contends that the trial court erred as a matter of law when it found the action was filed within the three-year statute of limitations for conversion codified at Tennessee Code Annotated § 28-3-105. We shall address each issue in turn.

### I. DEPOSITION OF DR. CARMAN

The admission or exclusion of evidence is within the sound discretion of the trial court. *Estate of Brock ex rel. Yadon v. Rist*, 63 S.W.3d 729, 731-32 (Tenn. Ct. App. 2001) (citing *Seffernick v. Saint Thomas Hosp.*, 969 S.W.2d 391, 393 (Tenn. 1998); *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 222 (Tenn. Ct. App. 1999)). "Discretionary decisions require conscientious judgment and they must take the applicable law into account and must also be consistent with the facts before the court." *Id*. (citing *White*, 21 S.W.3d at 222; *Overstreet v. Shoney's Inc.*, 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999)). "A trial court's discretionary decisions should be reviewed to determine: (1) whether the factual basis for the decision is supported by the evidence, (2) whether the trial court identified and applied the applicable legal principles, and (3) whether the trial court's decision is within the range of acceptable alternatives." *Id*. (citing *White*, 21 S.W.3d at 223). This court will not overturn a discretionary decision if reasonable judicial minds can differ concerning its soundness. *Id*. (citing *White*, 21 S.W.3d at 223; *Overstreet*, 4 S.W.3d at 709).

---

[1]After the trial, the court entered an order on January 26, 2011, striking its two previous orders on the issue and denying Ms. Clark's motion to exclude the deposition because she "was previously afforded an opportunity to reschedule the deposition of Dr. Tommy Carman for cross-examination but based upon the statements of at trial, [Ms. Clark had made no effort] to reschedule said deposition between the date of the hearing of the motion and the date of trial."

Ms. Clark claims to have not received the notice of Dr. Carman's second deposition, which occurred in July 2009. Despite this, for more than a year she knew the deposition had been taken and that Plaintiffs intended to use the testimony of Dr. Carman in their case-in-chief; yet, she failed to properly challenge the deposition until one month prior to trial. Further, the trial court denied Ms. Clark's motion to exclude the deposition of Dr. Carman because Ms. Clark was afforded the opportunity to depose Dr. Carman for the purpose of cross-examination but made no effort to do so.

Ms. Clark appears to make the argument that because she was not present at the deposition in order to make objections that she was in some way prejudiced, however, Ms. Clark does not point to anything in the deposition that was objectionable. She merely objects to the entire deposition. Realizing that all objections except to the form of the question in a deposition are reserved, *see* Tenn. R. Civ. P. 30.03, we find no prejudice.

The decision to exclude or admit the deposition of Dr. Carman was within the sound discretion of the trial court and we find no abuse of discretion in denying Ms. Clark's motion to exclude the deposition of Dr. Carman.

## II. STATUTE OF LIMITATIONS

Ms. Clark next argues that the trial court erred in finding that this action was filed within the three-year statute of limitations set forth at Tennessee Code Annotated § 28-3-105 for conversion actions. Ms. Clark contends that Plaintiffs were aware that she exercised control over the decedent's accounts as early as April 2003 when she was confronted by the Plaintiffs regarding the re-titling of the decedent's assets naming Ms. Clark a joint owner with a right of survivorship. She further contends that the latest the cause of action could have begun to accrue was early November 2004, when she wrote the first check out of the decedent's accounts for her own personal benefit. Thus, Ms. Clark contends that an action filed in late November 2007 would have fallen outside the applicable statute of limitations. In response, Plaintiffs assert that the decedent was incompetent during the relevant period and therefore the statute of limitations was tolled and did not commence running until either the decedent's disability was removed or upon her death pursuant to Tennessee Code Annotated § 28-1-106 (2007).

It is undisputed that this is an action for conversion. Conversion is "the appropriation of [property] to the party's own use and benefit, by the exercise of dominion over it, in defiance of plaintiff's right." *Hanna v. Sheflin*, 275 S.W.3d 423, 427 (Tenn. Ct. App. 2008 (quoting *Barger v. Webb*, 391 S.W.2d 664, 665 (Tenn. 1965)). A cause of action begins to accrue when "the plaintiff knew or reasonably should have known that a cause of action existed." *Johnson v. Craycraft*, 914 S.W.2d 506, 511 (Tenn. Ct. App. 1995) (quoting *Stone*

*v. Hinds*, 541 S.W.2d 598, 599 (Tenn. Ct. App. 1976)). Thus, the accrual of this cause of action would have occurred at the time the decedent knew or should have known that Ms. Clark was exercising dominion or control over her property in such a way that was inconsistent with her rights. *See Hanna*, 275 S.W.3d at 427.

Also at issue in this action is Tennessee Code Annotated § 28-1-106[2] (2007), which states:

> If the person entitled to commence an action is, at the time the cause of action accrued . . . of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

"[T]he modern test for determining whether an individual is of 'unsound mind' for purposes of section 28-1-106 is whether that individual was unable to manage his or her day-to-day affairs at the time the cause of action accrued." *Sherrill v. Souder*, 325 S.W.3d 584, 601 (Tenn. 2010). "A disability may be removed by death, recovery of sound mind, reaching the age of majority, or by acts of the Tennessee General Assembly." *Sullivan ex rel. Wrongful Death Beneficiaries of Sullivan v. Chattanooga Med. Investors, LP*, 221 S.W.3d 506, 512 (Tenn. 2007) (citing *Arnold v. Davis*, 503 S.W.2d 100, 102 (Tenn. 1973)).

The trial court made two important factual determinations that pertain to this issue. One, that the cause of action for conversion did not accrue until November 2004 when Ms. Clark began writing checks out of the decedent's account for her own personal benefit. The other being that the decedent was of unsound mind and not mentally capable of transacting business with banks involving amounts with large sums of money as early as March of 2002. This finding is fully supported by the testimony of Dr. Carman.

---

[2]The statute was amended in 2011 and now reads:

> If the person entitled to commence an action is, at the time the cause of action accrued, either under eighteen (18) years of age, or adjudicated incompetent, such person, or such person's representatives and privies, as the case may be, may commence the action, after legal rights are restored, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from restoration of legal rights.

Tenn. Code Ann. § 28-1-106 (2012).

"The issue of accrual of a cause of action is basically a question of fact," *Johnson*, 914 S.W.2d at 511-12 (quoting *Nat'l Mortg. Co. v. Washington*, 744 S.W.2d 574, 580 (Tenn. Ct. App. 1987)), and this court reviews a trial court's determination of facts de novo with a presumption of correctness and we will not overturn the trial court's decision unless the evidence preponderates against it. *Hanna*, 275 S.W.3d at 427 (citing Tenn. R. App. P. 13(d)). Based upon our review of the record, the evidence does not preponderate against the trial court's finding. The decedent was mentally incapacitated as far back as March of 2002 due to Alzheimer's related dementia and several relatives testified that she often did not recognize them after that time. Further, the trial court found that following the death of her sister Evelyn in January 2002, the decedent was "entirely dependent" on her remaining siblings for "all of her personal needs and care." Ms. Clark had been making decisions regarding the decedent's healthcare since 2003 and the decedent was placed in an assisted living facility in November of 2004.

The first instance in which Ms. Clark exercised dominion over the decedent's property in contravention of her rights was in November 2004, which would be the earliest date this cause of action could have accrued. Thus, when the cause of action accrued, the decedent was not of sound mind and the disability was never removed; thus, the statute of limitations was tolled until her death in December of 2006. This action was filed in November of 2007; therefore, it was filed within the three-year statute of limitations pursuant to Tennessee Code Annotated § 28-3-105 and Tennessee Code Annotated §28-1-106.[3]

### In Conclusion

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[3]We further note that "the discovery rule is inapplicable to plaintiffs of unsound mind for so long as they remain of unsound mind." *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 106 (Tenn. 2006).