IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 7, 2021 Session

## ALBERT M. BENDER, JR., ET AL V. ATTORNEY S. MADISON ROBERTS, ET AL

**Appeal from the Chancery Court for Davidson County**
**No. 19-0511-IV      Russell T. Perkins, Chancellor**

_____

### No. M2019-01699-COA-R3-CV
_____

The trial court dismissed the plaintiffs' conversion claim in accordance with Rule 12.02(6) of the Tennessee Rules of Civil Procedure, determining that it was filed outside the applicable three-year statute of limitations. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J. and W. NEAL MCBRAYER, J., joined.

Albert M. Bender, Jr. and Melanie Bender, Antioch, Tennessee, pro se.

S. Madison Roberts, Franklin, Tennessee, pro se, and for the appellee, Brian S. Good.

### MEMORANDUM OPINION[1]

Albert M. Bender, Jr. and his wife, Melanie Bender, ("Plaintiffs") owned real property located at 5980 Mountain View Road in Antioch, Tennessee. On September 18, 2013, after protracted litigation between Mr. Bender and the Metropolitan Government of Nashville and Davidson County, Plaintiffs' property was sold to satisfy liens for unpaid property taxes. Brian S. Good was the successful bidder at the property sale, and on January 3, 2014, the court entered a Final Decree Confirming Sale.

_____

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On July 6, 2015, the trial court granted Mr. Good a writ of possession, and shortly following, Mr. Bender filed an appeal. But, while the appeal was pending, on August 4, 2015, the writ of possession was served, and Plaintiffs were evicted from the property. On August 18, 2015, this court denied Mr. Bender's appeal. During the foregoing proceedings, Attorney S. Madison Roberts represented Mr. Good.

Nearly four years later, on April 16, 2019, Plaintiffs filed a Complaint in Conversion in Davidson County Chancery Court alleging that Mr. Good and Mr. Roberts ("Defendants") converted Plaintiffs' personal property following their eviction on August 4, 2015. Specifically, Plaintiffs alleged that on August 13, 2015, they drove by their residence and found four persons, who worked for Defendants, "loading [Plaintiffs'] personal property onto a red pickup truck and trailer." According to Plaintiffs, following a number of "terroristic threats" and "racist statements" directed toward Mr. Bender, who is Native American, the movers told Plaintiffs they intended to take Plaintiffs' personal property to Trinity Lane Recycle Center.

Plaintiffs alleged that the next day, Mr. Bender called Defendant S. Madison Roberts "to get information to give to the Recycle Center in order to recover their property," but Mr. Roberts did not return his phone call. And Plaintiffs alleged that when they searched the recycling center in the days that followed, they were unable to recover their property.

Plaintiffs claimed that Defendants took, *inter alia*, "[s]everal manuscripts for books in the works worth in the millions of dollars in terms of books sales," museum artifacts, beadwork, an arrowhead collection, antiques, and family memorabilia. And they requested that the court order the return of their personal property or, in the alternative, award them a judgment in the amount of $7,000,000.

In response, Defendants filed a motion to dismiss in accordance with Rule 12.02(6) of the Tennessee Rules of Civil Procedure contending Plaintiffs' action for conversion was barred by the three-year statute of limitations. Specifically, Defendants argued that, according to the allegations in their complaint, Plaintiffs "were not only aware of, but also were in active discussions concerning, the disposition of the allegedly converted personal property" in August 2015. Thus, because Plaintiffs did not file their complaint until April 16, 2019, their action was time-barred.[2]

---

[2] Initially, Plaintiffs failed to file a timely response in opposition to Defendants' motion to dismiss, and the court granted the motion in an order entered on May 21, 2019. Defendants then filed a Request to Set Aside Order Dismissing Case with Prejudice and Reset Hearing on Motion to Dismiss. Defendants informed the court that, as a result of an exchange of emails between Plaintiffs and Defendants prior to May 21, 2019, they agreed to reset the hearing for the motion to dismiss to June 21, 2019, but the court entered its order dismissing Plaintiffs' claim before they could file a Notice of Resetting. Defendants requested that

In Plaintiffs' response in opposition to the motion, they contended they filed their complaint on August 1, 2017; therefore, Plaintiffs' action was not time-barred.[3]

After a hearing on June 21, 2019, the court granted Defendants' motion to dismiss, reasoning as follows:

Actions for conversion are subject to a three-year statute of limitations. *See* Tenn. Code Ann. § 28-3-105(2). Plaintiffs' allegations pertain to actions taken in June through August 2015. Plaintiffs' allegations demonstrate that they were aware of and were in active discussions concerning the disposition of the allegedly converted personal property. Thus, even with applying the discovery rule, Plaintiffs necessarily discovered their alleged cause of action no later than August 15, 201[5]. As such, this action became time-barred on August 18, 2018, three years after the Court of Appeals denied Mr. Bender's appeal.

This appeal followed.

## STANDARD OF REVIEW

"A Tenn. R. Civ. P. 12.02(6) motion tests only the legal sufficiency of the plaintiff's complaint, not the strength of the plaintiff's proof." *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 455 (Tenn. 2012). For this reason, we "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Id.* at 455–56 (quoting *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)). "The determination of whether a suit should be dismissed based on the statute of limitations presents a question of law which we review de novo with no presumption of correctness." *Id.* at 456.

## ANALYSIS

"A defense predicated on the statute of limitations triggers the consideration of three components—the length of the limitations period, the accrual of the cause of action, and the applicability of any relevant tolling doctrines." *Redwing*, 363 S.W.3d at 456. An action for the conversion of personal property must be commenced "within three (3) years from the accruing of the cause of action." Tenn. Code Ann. § 28-3-105(2). "A cause of action

---

the court set aside its order and reset the hearing for June 21, 2019. The court granted Defendants' request in an order entered on May 22, 2019.

[3] The record shows that Plaintiffs filed their complaint on April 16, 2019. In their brief, Plaintiffs contend they filed it on August 1, 2017, but they were unable to pay the filing fee until April 15, 2019.

accrues 'when the plaintiff knew or reasonably should have known that a cause of action existed.'" *Hanna v. Sheflin*, 275 S.W.3d 423, 427 (Tenn. Ct. App. 2008) (quoting *Johnson v. Craycraft*, 914 S.W.2d 506, 511 (Tenn. Ct. App. 1995)). Thus, a claim for conversion accrues when the plaintiff knows or reasonably should know that the defendant has appropriated the plaintiff's personal property to the defendant's own use and benefit in defiance of the plaintiff's right. *Id*. Here, Plaintiffs do not contend that any tolling doctrines apply.

In their Complaint in Conversion, Plaintiffs allege that on August 4, 2015, they were evicted from their home. Thereafter, they allege as follows:

12. On August 11, 2015 as a result of a coincidental meeting between Melanie Bender and defendant Brian Good, Metro Police Officer Schnitzer in his peace keeping capacity ordered all parties involved in this matter to stay off the property pending the resolution of litigation that was ongoing in the case.

13. On August 13, 2015 while driving by the property, Plaintiffs found four persons loading their personal property onto a red pickup truck and a trailer in violation of the officer's orders. Plaintiffs inquired as to what they were doing and were told that they were working for defendant Good. These were the so-called Cheatham County movers.

.     .     .

15. The police were called and told the Plaintiffs to leave and the "movers" in response to Plaintiffs inquiries, said the personal property would be taken to the Trinity Lane Recycle Center at "6:30 in the morning of the next day." This statement was made in front of the two police officers . . . .

16. Plaintiff, Albert Bender, called Attorney Roberts early the next day to get information to give to the Recycle Center in order to recover their property. The phone call was never returned. Plaintiffs searched the Recycle that day and for several days afterward but their belongings were never taken to that location.

Thus, according to the complaint, on August 13, 2015, Plaintiffs witnessed agents of Defendants taking their personal property, and in the days that immediately followed, they were unable to recover it. Yet, Plaintiffs did not file their Complaint in Conversion until April 16, 2019, which was well outside the applicable three-year statute of limitations period. Accordingly, we affirm the decision of the trial court to dismiss the complaint.

**IN CONCLUSION**

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Albert M. Bender, Jr. and Melanie Bender.

_____
FRANK G. CLEMENT JR., P.J., M.S.